In the Matter of EMILY CONVERS et al., Respondents, v COUNTY OF ORANGE et al., Appellants. [35 NYS3d 107]—

---

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review determinations of the Orange County Board of Elections rescinding the assignments of the petitioners/plaintiffs as election inspectors in election districts within the Village of Kiryas Joel, and action for a judgment declaring that the appellants' policy and practice of assigning election inspectors in election districts within the Village of Kiryas Joel on the basis of religion violated the petitioners/plaintiffs' constitutional and statutory rights, to permanently enjoin the appellants from discriminating on the basis of religion in the assignment of election inspectors, and to recover damages for violation of the petitioners/plaintiffs' constitutional and statutory rights, the appeal is from an order of the Supreme Court, Orange County (Rosa, J.), dated March 30, 2015, which denied the appellants' motion to dismiss the petition/complaint as academic.

Ordered that the order is affirmed, with costs.

The petitioners/plaintiffs (hereinafter the plaintiffs) commenced this hybrid proceeding pursuant to CPLR article 78, inter alia, to challenge determinations of the respondent/defendant Orange County Board of Elections (hereinafter the Board) rescinding their assignments as election inspectors in election districts within the Village of Kiryas Joel, and action for a judgment declaring that the policy and practice of the Board and the respondent/defendant County of Orange (hereinafter together the appellants) of assigning election inspectors in election districts within the Village on the basis of religion violated their constitutional and statutory rights, to permanently enjoin the appellants from discriminating on the basis of religion in the assignment of election inspectors, and to recover damages for violation of their constitutional and statutory rights as a result of the appellants' religious discrimination against them. Thereafter, the appellants moved pursuant to CPLR 3211 (a) (7) to dismiss the petition/complaint.

In an order and judgment dated October 21, 2014, the Supreme Court granted so much of the petition/complaint as sought (1) to annul, as arbitrary and capricious, the Board's determinations to rescind the assignments of the plaintiffs Emily Convers, Michael Egan, Julie Tanner, Andrew Buck, Anna Buck, and Margaret Kazdan as election inspectors in election districts within the Village; (2) to direct the appellants to assign those six plaintiffs as election inspectors for the November 2014 general election; and (3) to permanently enjoin the appellants from assigning election inspectors, or failing to assign election inspectors, to a specified location on the basis of their religion. The court also scheduled a preliminary conference to set a discovery schedule in the event the plaintiffs sought to pursue their remaining causes of action seeking a declaration and money damages resulting from the appellants' alleged violation of their constitutional and statutory rights.

The appellants filed a notice of appeal from the order and judgment. Pursuant to an order to show cause signed by a Justice of this Court on October 31, 2014, the appellants appointed the six plaintiffs as election inspectors in election districts within the Village for the general election on November 4, 2014. By order to show cause dated November 20, 2014, this Court directed the parties to show cause why an order should or should not be made and entered dismissing the appeal on the ground that the appeal had been rendered academic. In response, the appellants asserted that they "believe[ ] this matter is moot and this court should dismiss the proceeding or direct the trial court to do so." They argued that "[i]f the petition[/complaint] is dismissed in its entirety, then the appeal will be academic and would be withdrawn." The plaintiffs contended that, while they were pursuing their constitutional and statutory claims alleging religious discrimination in the Supreme Court, "[t]he appeal should be dismissed as academic because there is currently no live controversy between the parties and an adjudication by this Court will not affect any of the parties' interests." By decision and order on motion dated January 16, 2015, this Court, on its own motion, dismissed the appeal as academic.

Thereafter, in the Supreme Court, the appellants moved to dismiss the petition/complaint as academic, based, in part, upon this Court's decision and order on motion dated January 16, 2015, dismissing the prior appeal as academic. The Supreme Court denied the appellants' motion. We affirm.

"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is

limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713 [1980]). Here, the Supreme Court properly determined that the appellants' appointment of the six plaintiffs as election inspectors in election districts within the Village only rendered academic the plaintiffs' causes of action seeking injunctive relief, but did not render academic their causes of action seeking a declaration that the appellants violated their constitutional and statutory rights by discriminating against them on the basis of religion and, in conjunction with that claim, monetary damages. Contrary to the appellants' contention, this Court's dismissal of their prior appeal did not require the Supreme Court to dismiss the causes of action that were not rendered academic by reason of the appointment of the six plaintiffs as election inspectors in the Village.

The appellants' remaining contentions are either not properly before this Court or without merit.

Accordingly, the Supreme Court properly denied the appellants' motion to dismiss the petition/complaint as academic. Hall, J.P., Cohen, Miller and Barros, JJ., concur.