[44 NYS3d 74]

In the Matter of Ann Fanizzi, Appellant, v Planning Board of Patterson et al., Respondents.

Second Department, December 14, 2016

### APPEARANCES OF COUNSEL

*James Bacon*, New Paltz, for appellant.

*Hogan & Rossi*, Brewster (*Nancy Tagliafierro* of counsel), for respondents Planning Board of Patterson and another.

*Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP*, White Plains (*Lois N. Rosen* of counsel), for respondent Patterson Crossing Realty Company, LLC.

### OPINION OF THE COURT

DICKERSON, J.

### Introduction

The petitioner/plaintiff, Ann Fanizzi (hereinafter the petitioner), serves as the chairperson of a local land preservation organization, and has been closely monitoring the proposed development of a large shopping center in Putnam County. She commenced this hybrid proceeding and action, primarily seeking to compel the production, under the Freedom of Information Law (hereinafter FOIL) (*see* Public Officers Law art 6), of architectural renderings that the shopping center developer left at the office of the Town Planner of the Town of Patterson for several days so that the Town Planner could give informal advice to the developer regarding the developer's plan. On this appeal, we hold that these architectural renderings became

"records" within the meaning of FOIL (Public Officers Law § 86 [4]). We further hold that because it is unclear whether the renderings were still in the possession of the Town Planner at the time the petitioner made her FOIL request, the Supreme Court should have denied the motion of the respondents/defendants Planning Board of Patterson (hereinafter the Planning Board) and Town Clerk of Patterson (hereinafter the Town Clerk), and the separate motion of the respondent/defendant developer, Patterson Crossing Realty Company, LLC (hereinafter the developer), pursuant to CPLR 7804 (f) and 3211 (a) (7) to dismiss the petition/complaint insofar as asserted against each of them.

### Factual and Procedural Background

The petitioner is a resident of the Town of Southeast and the Chair of the Putnam County Coalition to Preserve Open Space, Inc. In her petition/complaint, and in her accompanying affidavit, the petitioner asserted the following facts. Between 2004 and 2010, the Towns of Patterson and Kent reviewed a number of applications regarding the development of a 408,560 square-foot retail center known as Patterson Crossing, which was to be the largest shopping center ever built in Putnam County. During those years, the petitioner attended numerous meetings and hearings regarding Patterson Crossing that took place before the Planning Board. The project's preliminary plans included a gas station, but due to community opposition, the developer removed the proposed gas station from the plans. On October 1, 2009, the Planning Board granted the developer final conditional site plan approval for the project. On March 1, 2012, the Planning Board granted a two-year extension of its conditional approval in order to give the developer time to negotiate terms with prospective tenants. The petitioner believed that the big box retailer Costco was one of the potential tenants, and on May 22, 2012, the petitioner learned that the Planning Board's chairman had told a mutual acquaintance that "the project has been down-sized and the gasoline pumps are back—Costco wants the pumps back." Consequently, the petitioner checked the Planning Board's agenda frequently, and discovered that "Costco/Patterson Crossing" was not on the agenda for the meeting of the Planning Board that was to take place on May 31, 2012; the petitioner would have attended that meeting if she had known the Planning Board would discuss revised plans for Patterson Crossing. On June 1, 2012, the petitioner called the Planning

Board's office and was advised by a secretary that new plans existed, but the plans were considered a "work product" unavailable to the public.

Just three days later, on June 4, 2012, the petitioner submitted a FOIL request to the Town Clerk seeking "architectural plans site plan (gas station) re: Costco (Patterson Crossing) Plan, reconfigured site plan." In a letter to the Town Clerk dated June 5, 2012, which was forwarded to the petitioner, Richard Williams, the Town Planner, stated: "[i]n response to the request to review the file for the Patterson Crossing site plan, the records are maintained in the Planning and Zoning Department, and may generally be viewed daily." Williams noted, however, that "at this time Costco has not made any filings to the Planning Board in relation to the Patterson Crossing site plan." On June 6, 2012, the petitioner arrived at the Planning Board's office, and was handed two large blue folders that purportedly constituted the "project file" for Patterson Crossing, but which did not contain any new plans. According to the petitioner, after leaving the office, she spoke to the Planning Board's chairman, who advised her that new plans did in fact exist, and should have been in the Planning Board's office.

In a letter to the Town Clerk dated June 14, 2012, the petitioner's attorney stated that the petitioner wished to "appeal the denial of [the petitioner's] June 4, 2012 request for any revised site plans (architectural or otherwise) for Patterson Crossing," and stated that the petitioner was entitled to "any draft or proposed revised site plans for Patterson Crossing *prior* to the meeting [of May 31, 2012] being held and certainly following such meeting." In a letter to the petitioner's attorney dated June 22, 2012, Williams stated that at the meeting of the Planning Board on May 31, 2012, he provided an update to the Planning Board regarding discussions he had been having with Costco concerning the architecture of one of the buildings on the Patterson Crossing site, which discussions did not include any reference to a gas station. Williams further stated that "neither Costco, [the developer,] or any individual representing those entities have made a submission to the . . . Planning Board for review, approval or otherwise of any changes to the approved site plan." Williams indicated that he disagreed with the assertion that the petitioner's FOIL request had been denied, stating that the petitioner was permitted and would continue to be permitted to review the files maintained at Town Hall.

In a letter to the petitioner's attorney dated July 11, 2012, the Town Clerk stated that she had asked Williams to prepare an affidavit clarifying whether he had reviewed any plans. In the affidavit, which was dated July 5, 2012, and which was attached to the letter, Williams stated that in May 2012, Paul Camarda, the developer's owner, approached him with a request to review proposed architectural renderings for Costco, a prospective tenant at the Patterson Crossing project, "for the sole purpose of me giving him my thoughts as to the proposed design." Williams further stated that at the work session of the Planning Board that took place on May 31, 2012, he was asked for an update on Patterson Crossing. Williams stated that he updated the Planning Board as requested, and "since I had the proposed architectural renderings in my possession, I displayed them to the Planning Board and we had a brief discussion." Williams stated that "[a] few days after the May 31, 2012 work-session, Mr. Camarda retrieved his plans from my office and, therefore, the plans are no longer in my possession."

At some point in time, the petitioner obtained the official minutes of the meeting of the Planning Board that took place on May 31, 2012. According to the petitioner, the minutes provided that Williams stated the following at the meeting:

> "I just have one last issue that I want to let the Board know. Costco has been showing interest in going into Patterson Crossing and they submitted initially some architectural design drawings which were not in conformance with . . . the conditional approvals that were granted by the Board, so I have been working with the architects from Costco to come up with a different design."

The minutes reflect that a brief discussion about Costco and its plan followed, and one of the Planning Board members noted that a Costco location in Connecticut was being expanded to include a gas station.

In her petition/complaint, which was filed in September 2012, the petitioner sought, among other things, to compel

> "the Town Clerk to retrieve and/or [the developer] to return to the Town, all records consisting of any site plans, drawings or architectural renderings, memoranda or other information received by the Patterson planning staff and/or Richard Williams in May 2012 and/or presented to the Planning

Board on May 31, 2012 in relation to Patterson Crossing."

The petitioner also sought attorney's fees and costs pursuant to Public Officers Law § 89 (4) (c).

The Planning Board and the Town Clerk (hereinafter together the Town respondents) moved pursuant to CPLR 7804 (f) and 3211 (a) (7) to dismiss the petition/complaint insofar as asserted against them and pursuant to 22 NYCRR 130-1.1 for the imposition of costs and sanctions against the petitioner for commencing a frivolous proceeding/action. The developer separately moved for the same relief. In support of their motion, the Town respondents submitted an affidavit of Richard Williams dated September 26, 2012. In addition to repeating the facts that he had averred in his prior affidavit dated July 5, 2012, Williams stated in this affidavit that the date that Camarda visited Williams's office with proposed architectural renderings in hand was on or about May 29, 2012. Williams stated that Camarda "did not formally submit the renderings as proposed plans, and he did not submit to the Planning Department an application for an amended site plan nor did he pay a fee which is required to accompany any application for an amended site plan." Williams stated that because he did not have time to informally review the renderings during Camarda's visit, Camarda left the plans in his office with a promise to retrieve them. Williams further stated that Camarda retrieved the plans from his office "shortly after the May 31, 2012 work session."

In support of its separate motion, the developer submitted an affidavit of Camarda, in which Camarda stated that Williams's factual averments were accurate, and recalled that he retrieved the architectural renderings from Williams "about a week or two" after dropping them off. Attached as an exhibit to Camarda's affidavit were copies of the architectural renderings that had been left with Williams and returned to Camarda.

In an order dated April 4, 2013, the Supreme Court granted the motion of the Town respondents and the separate motion of the developer. The court reasoned that the architectural renderings informally submitted by the developer in advance of any application for approval of an amended site plan were not agency records within the purview of FOIL. In a supplemental order dated March 18, 2014, the Supreme Court, as a sanction against the petitioner for commencing a frivolous proceeding/action, awarded an attorney's fee and costs in the sum of

$8,088.50 to the Town respondents, and an attorney's fee and costs in the sum of $10,382.11 to the developer. Two money judgments, each dated May 19, 2014, were entered against the petitioner, one in favor of the Town respondents in the sum of $8,088.50, and one in favor of the developer in the sum of $10,382.11. The petitioner appeals from the two orders and the two money judgments.

## Analysis

### Whether the Appeals are Academic

Initially, as noted by the respondents, the portion of the petition/complaint that seeks to compel the production of the architectural renderings that were left with Williams and shown to the Planning Board is academic, as copies of those renderings were attached as an exhibit to the affidavit submitted by Camarda in support of the developer's motion. Nevertheless, for two reasons, these appeals are not academic. First, the petitioner is appealing from the imposition of sanctions against her pursuant to 22 NYCRR 130-1.1 for commencing a frivolous proceeding. In order to determine whether the petitioner's conduct in commencing this proceeding/action was frivolous, it is necessary for us to consider the merits of the petitioner's contention that she was entitled to compel the production of the architectural renderings (see 22 NYCRR 130-1.1 [c] [1]). Second, in addition to seeking to compel the production of the renderings, the petition/complaint also sought an attorney's fee and costs pursuant to Public Officers Law § 89 (4) (c). Thus, the rights of the parties will be directly affected by the determination of the appeals (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]).

### Whether the Petition/Complaint Stated a Cause of Action

FOIL requires agencies to make all "records" available for public inspection and copying, subject to certain enumerated exemptions (Public Officers Law § 87 [2]). "The Legislature enacted FOIL to provide the public with a means of access to governmental records in order to encourage public awareness and understanding of and participation in government and to discourage official secrecy" (Matter of Beechwood Restorative Care Ctr. v Signor, 5 NY3d 435, 440 [2005]). The Court of Appeals has "required that FOIL 'be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government' " (Matter of Town of Waterford v New York State Dept. of Envtl. Conserva-

tion, 18 NY3d 652, 657 [2012], quoting *Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen*, 69 NY2d 246, 252 [1987]). "The legislative purpose is mainly accomplished through the definitions of 'Agency' and 'Record.' . . . 'Record' is broadly defined to include 'any information kept, held, filed, produced or reproduced by, with or for an agency . . . in any physical form whatsoever' " (*Matter of Newsday, Inc. v Empire State Dev. Corp.*, 98 NY2d 359, 362 [2002], quoting Public Officers Law § 86 [4]). "[T]his very broad definition is not limited by the purpose for which a document was originated or the function to which it relates" (*Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale*, 87 NY2d 410, 417 [1995] [internal quotation marks omitted]; *see Matter of Alderson v New York State Coll. of Agric. & Life Sciences at Cornell Univ.*, 4 NY3d 225, 230 [2005]; *Matter of Citizens for Alternatives to Animal Labs v Board of Trustees of State Univ. of N.Y.*, 92 NY2d 357, 361 [1998]; *Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen*, 69 NY2d at 253; *Matter of Westchester Rockland Newspapers v Kimball*, 50 NY2d 575, 581 [1980]).

Here, it is undisputed that Camarda, the developer's owner, left the subject architectural renderings in the possession of Williams, the Town Planner, for a number of days, and that Williams displayed the renderings at the meeting of the Planning Board that took place on May 31, 2012. Thus, the renderings were "kept" and "held" by an agency, and were "records" within the meaning of FOIL (Public Officers Law § 86 [4]; *see Matter of Newsday, Inc. v Empire State Dev. Corp.*, 98 NY2d at 364; *Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 278-279 [1996]; *Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale*, 87 NY2d at 417; *Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen*, 69 NY2d at 251). Since the definition of "record" is not limited by the purpose for which a document was originated or the function to which it relates, the fact that Camarda did not formally submit the renderings as part of an application for approval of an amended site plan is irrevelant.

It is true that a member of the public is not entitled to seek records pursuant to FOIL when the records are no longer within the control of an agency (*see Matter of Gould v New York City Police Dept.*, 89 NY2d at 279). Here, in his affidavit dated July 5, 2012, Williams asserted that the subject architectural renderings were retrieved from his office by Camarda "[a]

few days after the May 31, 2012 work-session." In his affidavit dated September 26, 2012, Williams stated that the renderings were retrieved "shortly after" the May 31, 2012 work session. Camarda also submitted an affidavit in which he recalled retrieving the drawings "about a week or two" after dropping them off on May 29, 2012. It is unclear from these submissions whether the renderings were still in the possession of the Town Planner when the petitioner made her FOIL request on June 4, 2012. If so, the petitioner would have a meritorious FOIL claim. To hold otherwise would allow agencies to frustrate the purpose of FOIL by discarding records when they receive FOIL requests.

" 'On a motion to dismiss a pleading pursuant to CPLR 3211 (a) (7) and 7804 (f), all of the allegations in the pleading are deemed true and afforded the benefit of every favorable inference' " (*Matter of Schlemme v Planning Bd. of City of Poughkeepsie*, 118 AD3d 893, 895 [2014], quoting *Wells Fargo Bank, N.A. v Mastromarino*, 98 AD3d 662, 662-663 [2012]). Deeming the allegations in the petition/complaint to be true and affording the petitioner the benefit of every favorable inference, the petition/complaint sufficiently alleged a cause of action pursuant to FOIL. Accordingly, the Supreme Court should have denied those branches of the motions of the Town respondents and the developer which were pursuant to CPLR 7804 (f) and 3211 (a) (7) to dismiss the petition/complaint insofar as asserted against each of them.

Sanctions

22 NYCRR 130-1.1 (a) permits a court to impose financial sanctions and/or costs upon a party or attorney who engages in frivolous conduct (*see Engel v CBS, Inc.*, 93 NY2d 195, 203 [1999]; *Tso-Horiuchi v Horiuchi*, 122 AD3d 918 [2014]). For purposes of 22 NYCRR 130-1.1 (a), conduct is frivolous if: "(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;" "(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another;" or "(3) it asserts material factual statements that are false" (22 NYCRR 130-1.1 [c]). Here, as discussed above, the petition/complaint alleges a potentially meritorious cause of action. As such, the petitioner's conduct in commencing this proceeding/action was not frivolous. Accordingly, the Supreme Court should have denied those branches of the motions of the Town respondents and the developer which

were pursuant to 22 NYCRR 130-1.1 for the imposition of costs and sanctions against the petitioner for commencing a frivolous proceeding/action.

### Conclusion

For the foregoing reasons, the appeal from so much of the order dated April 4, 2013 as granted those branches of the motion of the Town respondents and the separate motion of the developer which were pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions against the petitioner/plaintiff is dismissed, the appeal from the order dated March 18, 2014 is dismissed, the order dated April 4, 2013 is reversed insofar as reviewed, on the law, and those branches of the motion of the Town respondents and the separate motion of the developer which were pursuant to CPLR 7804 (f) and 3211 (a) (7) to dismiss the petition/complaint insofar as asserted against each of them are denied, and the money judgments dated May 19, 2014 are reversed, on the facts and in the exercise of discretion, and those branches of the motions of the Town respondents and the separate motion of the developer which were which were pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions against the petitioner are denied.

Dillon, J.P., Cohen and Duffy, JJ., concur.

Ordered that on the Court's own motion, the notice of appeal from so much of the order dated April 4, 2013 as granted those branches of the separate motions of the respondents/defendants Planning Board of Patterson and Town Clerk of Patterson and the respondent/defendant Patterson Crossing Realty Company, LLC, which were pursuant to CPLR 7804 (f) to dismiss so much of the petition/complaint as sought relief pursuant to CPLR article 78 is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the appeal from so much of the order dated April 4, 2013 as granted those branches of the motion of the respondents/defendants Planning Board of Patterson and Town Clerk of Patterson and the separate motion of the respondent/defendant Patterson Crossing Realty Company, LLC, which were pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions against the petitioner/plaintiff is dismissed, as those portions of the order were superseded by the money judgments dated May 19, 2014; and it is further,

Ordered that the appeal from the supplemental order dated March 18, 2014 is dismissed, as the supplemental order was

superseded by the money judgments dated May 19, 2014; and it is further,

Ordered that the order dated April 4, 2013 is reversed insofar as reviewed, on the law, and those branches of the motion of the respondents/defendants Planning Board of Patterson and Town Clerk of Patterson, and the motion of the respondent/defendant Patterson Crossing Realty Company, LLC, which were pursuant to CPLR 7804 (f) and 3211 (a) (7) to dismiss the petition/complaint insofar as asserted against each of them are denied; and it is further,

Ordered that the money judgments dated May 19, 2014 are reversed, on the facts and in the exercise of discretion, those branches of the motions of the respondents/defendants Planning Board of Patterson and Town Clerk of Patterson and the respondent/defendant Patterson Crossing Realty Company, LLC, which were pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions against the petitioner/plaintiff are denied, the order dated April 4, 2013 is modified accordingly, and the supplemental order dated March 18, 2014 is vacated; and it is further,

Ordered that one bill of costs is awarded to the petitioner/plaintiff, payable by the respondents/defendants appearing separately and filing separate briefs.