Matter of Madden v Village of Tuxedo Park (2021 NY Slip Op 01415)





Matter of Madden v Village of Tuxedo Park


2021 NY Slip Op 01415


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-08105
 (Index No. 4229/17)

[*1]In the Matter of Sean Madden, appellant,
v
Village of Tuxedo Park, et al., respondents.


Balsamo, Byrne, Cipriani & Ellsworth, Suffern, NY (Richard M. Ellsworth of counsel), for appellant.
Feerick Lynch MacCartney & Nugent, South Nyack, NY (Brian D. Nugent of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to compel the production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated April 2, 2018. The order and judgment, insofar as appealed from, granted the motion of the Village of Tuxedo Park, Claudio Guazzoni, solely in his capacity as Village of Tuxedo Park Trustee, and Debbie Matthews, solely in her capacity as Village Clerk for the Village of Tuxedo Park, in effect, pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the amended petition for failure to state a cause of action, and dismissed the proceeding.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, with costs, the motion of the Village of Tuxedo Park, Claudio Guazzoni, solely in his capacity as Village of Tuxedo Park Trustee, and Debbie Matthews, solely in her capacity as Village Clerk for the Village of Tuxedo Park, in effect, pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the amended petition is denied, and the amended petition is reinstated.
In 2017, the petitioner made three requests to the Village of Tuxedo Park pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL). The second and third FOIL requests are the subject of this appeal. The petitioner sought in his first FOIL request the email addresses of the Village's residents that were used by the Village to communicate with the residents regarding an upcoming election. The emails and recipient lists for emails sent by then Village Trustee Claudio Guazzoni on June 29, 2016, and June 1, 2017, were the subjects of the petitioner's second and third FOIL requests, respectively. The petitioner acknowledged that the Village provided him with some of the information requested in his second FOIL request, but asserted that the Village failed to provide an email recipient list in an electronic format for the emails sent by Guazzoni on June 29, 2016, and June 1, 2017. In September 2017, the petitioner commenced this proceeding against the Village, Guazzoni, solely in his capacity as Village Trustee, and Debbie Matthews, solely in her capacity as Village Clerk (hereinafter collectively the respondents). The respondents moved to dismiss the amended petition, and in an order and judgment dated April 2, 2018, the Supreme Court, inter alia, granted the motion and dismissed the proceeding.
The Supreme Court should not have granted that branch of the respondents' motion which was to dismiss that branch of the amended petition which alleged FOIL violations pertaining to the second FOIL request, for the content and recipient list of the email dated June 29, 2016. In deciding motions to dismiss under CPLR 3211(a)(7) and 7804(f), the court must accept as true all allegations contained in the amended petition and afford the petitioner the benefit of all favorable inferences (see Matter of Fanizzi v Planning Bd. of Patterson, 146 AD3d 98, 107). Courts may consider extrinsic evidence outside of the pleading's four corners to help determine whether the pleading party has a cause of action, as distinguished from whether the pleading simply states a cause of action (see Guggenheimer v Ginzburg, 43 NY2d 268, 275). Here, as to the petitioner's second FOIL request, paragraph 50 of the amended petition alleges that the petitioner was provided with a paper copy of the email dated June 29, 2016, identifying the list of recipients of that email, but that he was not provided with that list in an electronic format, as specified in the FOIL request. Exhibit X, attached to the amended petition, which is part of the pleading itself (see CPLR 3014), evidences that a paper copy of the email and its recipient list were provided to the petitioner.
As a general rule, an agency responding to a FOIL request is not required to create any new record or data that is not already possessed and maintained by it as such. However, some information maintained in an electronic format may be retrieved, compiled, and disclosed if doing so requires only a "reasonable effort" (Public Officers Law § 89[3][a]; see Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 464-465; Matter of County of Suffolk v Long Is. Power Auth., 119 AD3d 940, 942). In this matter, in an affidavit submitted in support of the respondents' motion to dismiss the amended petition, Guazzoni stated that he lacked the technical sophistication to manually transfer the email addresses of each of his individual recipients onto an Excel spreadsheet in order to provide an electronically formatted response to the FOIL request. However, Guazzoni did not address whether any other employee of the Village could, with a reasonable degree of time and effort, create an Excel spreadsheet that would comply with the terms of the FOIL request. It cannot be said, therefore, that the amended petition fails to state a cause of action, as it presents a question of fact as to whether reasonable efforts by Village employees could be undertaken to provide an electronically formatted response (see Public Officers Law § 89[3][a]; Matter of Data Tree, LLC v Romaine, 9 NY3d at 466).
The Supreme Court also should not have granted that branch of the respondents' motion which was to dismiss that branch of the amended petition which alleged FOIL violations pertaining to the petitioner's third FOIL request, for a copy of Guazzoni's email dated June 1, 2017, and its recipient list. The amended petition described a portion of the email as being defamatory toward him. The FOIL request was made on the same day as the email's transmission, June 1, 2017. In an electronic response by the Village's counsel, also dated June 1, 2017, the petitioner was informed that the Village's Records Access Officer was not required to respond to "factual characterizations and legal conclusions," which might be a cryptic reference to any potential allegation that the Guazzoni email dated June 1, 2017, was defamatory. However, counsel stopped short of addressing whether the email and its recipient list would or would not be provided by the Village. The agency gave no further response in connection with the third FOIL request.
Public Officers Law § 89(3)(a) and (4)(a) requires that FOIL requests be granted or denied by an agency within five business days, and that any administrative appeal of a denial, as required for exhausting administrative remedies, be undertaken within 30 days of the denial. 21 NYCRR 1401.7(c) provides that a FOIL request is deemed denied if there is no response to the request within five business days. However, since there was no advisement to the petitioner of the availability of an administrative appeal as required by 21 NYCRR 1401.7(b), the Supreme Court erred in concluding that the petitioner's administrative appeal, which was filed on July 13, 2017, was time barred (see Matter of Barrett v Morganthau, 74 NY2d 907, 909; Matter of Rivette v District Attorney of Rensselaer County, 272 AD2d 648, 649). Therefore, the court should not have granted that branch of the respondents' motion which was to dismiss so much of the amended petition as related to the third FOIL request, dated June 1, 2017. Accordingly, the amended petition must be reinstated, and the matter remitted to the Supreme Court, Orange County, for a determination on the merits after the respondents serve and file their answer and, if necessary, complete the administrative record.
The parties' remaining contentions are without merit or need not be reached in light of our determination.
DILLON, J.P., HINDS-RADIX, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court