Matter of Snyder v Nassau County (2021 NY Slip Op 06359)





Matter of Snyder v Nassau County


2021 NY Slip Op 06359


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-10974
 (Index No. 544/19)

[*1]In the Matter of Linda Snyder, etc., appellant,
v
Nassau County, et al., respondents.


Cory H. Morris, Melville, NY, for appellant.
John B. Chiara, Acting County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Arthur M. Diamond, J.), dated August 2, 2019. The order and judgment granted the respondents' motion pursuant to CPLR 7804(f) to dismiss the petition for failure to exhaust administrative remedies, and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, the respondents' motion pursuant to CPLR 7804(f) to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
In 2019, the petitioner requested records from the respondents, Nassau County and Nassau County Probation Department, pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL). The FOIL request was denied in its entirety. The petitioner then commenced this proceeding against the respondents to compel their compliance with Public Officers Law § 89 and the production of the requested documents. The respondents moved pursuant to CPLR 7804(f) to dismiss the petition for failure to exhaust administrative remedies. In an order and judgment dated August 2, 2019, the Supreme Court granted the motion and dismissed the proceeding.
Public Officers Law § 89(3)(a) and (4)(a) requires that FOIL requests be granted or denied by an agency within five business days, and that any administrative appeal of a denial, as required for exhausting administrative remedies, be undertaken within 30 days of the denial. 21 NYCRR 1401.7(b) further requires, however, that "[d]enial of access shall be in writing stating the reason therefor and advising the person denied access of his or her right to appeal to the person or body designated to determine appeals, and that person or body shall be identified by name, title, business address and business telephone number. The records access officer shall not be the appeals officer." Since there is no dispute that the subject denial of the petitioner's FOIL request failed to advise the petitioner of the availability of an administrative appeal and the person to whom the appeal should be directed as required by 21 NYCRR 1401.7(b), the Supreme Court erred in [*2]dismissing the petition for failure to exhaust administrative remedies (see Matter of Barrett v Morgenthau, 74 NY2d 907, 909; Matter of Madden v Village of Tuxedo Park, 192 AD3d 802, 805; Matter of Rivette v District Attorney of Rensselaer County, 272 AD2d 648, 649).
Accordingly, the petition must be reinstated, and the matter remitted to the Supreme Court, Nassau County, for a determination on the merits after the respondents serve and file their answer and, if necessary, complete the administrative record.
MASTRO, J.P., BRATHWAITE NELSON, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court