Matter of Law Offs. of Cory H. Morris v Suffolk County (2023 NY Slip Op 02312)

Matter of Law Offs. of Cory H. Morris v Suffolk County

2023 NY Slip Op 02312

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2020-06997
 (Index No. 4448/18)

[*1]In the Matter of Law Offices of Cory H. Morris, appellant, 
v
Suffolk County, et al., respondents.

Law Offices of Cory H. Morris, Melville, NY, appellant pro se.
Dennis M. Cohen, County Attorney, Hauppauge, NY (Lisa Azzato of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to compel disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees and litigation costs, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated June 26, 2020. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof denying those branches of the petition which were to compel disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees and litigation costs and dismissing that portion of the proceeding; as so modified, the judgment is affirmed, with costs payable to the petitioner, those branches of the petition which were to compel disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees and litigation costs are reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.
The petitioner, a law firm, represents clients in relation to alleged traffic violations before the respondent Suffolk County Traffic and Parking Violations Agency (hereinafter the Agency). On July 5, 2018, the petitioner submitted a request to the Agency pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) seeking disclosure of certain records. The request was addressed to the Agency's Chief Clerk. Construing the Agency's failure to respond within five days as a constructive denial (see id. § 89[3][a]), the petitioner submitted a second letter to the Agency on July 16, 2018, labeled as a "notice of appeal" and again directed to the Chief Clerk.
The Agency had not issued a response to either of the petitioner's letters as of August 15, 2018. On that date, the petitioner commenced this proceeding pursuant to CPLR article 78 against the Agency and Suffolk County by filing a notice of petition, alleging, inter alia, that the Agency failed to respond to its FOIL request and its purported administrative appeal. The petitioner sought, among other things, disclosure of the requested records and an award of attorney's fees and litigation costs. By letter dated September 10, 2018, the Agency issued a response to the petitioner's FOIL request for the first time, providing some documents while asserting that the other materials sought pertained to the Agency's adjudicatory functions and were, therefore, exempt from disclosure pursuant to Public Officers Law § 86. On September 13, 2018, the respondents answered the petition and asserted, among other things, an affirmative defense that the petitioner failed to exhaust [*2]its administrative remedies by failing to "properly appeal" the denial of its FOIL request.
By judgment dated June 26, 2020, the Supreme Court denied the petition and dismissed the proceeding. The court concluded that the petitioner failed to exhaust its administrative remedies before commencing this proceeding, since its administrative appeal was not directed to the Agency's FOIL appeals officer. The petitioner appeals.
"In order to promote open government and public accountability, FOIL imposes a broad duty on government to make its records available to the public" (Matter of Tuckahoe Common Sch. Dist. v Town of Southampton, 179 AD3d 929, 930). "The statutory time to respond to a FOIL request for records is 'within five business days of the receipt of a written request,' and the agency should respond by 'mak[ing] such record available to the person requesting it, deny[ing] such request in writing or furnish[ing] a written acknowledgment of the receipt of such request and a statement of the approximate date . . . when such request will be granted or denied'" (Matter of LTTR Home Care, LLC v City of Mount Vernon, 179 AD3d 798, 800, quoting Public Officers Law § 89[3][a]). 21 NYCRR 1401.7(b) states, in relevant part, that "[d]enial of access shall be in writing stating the reason therefor and advising the person denied access of his or her right to appeal to the person or body designated to determine appeals, and that person or body shall be identified by name, title, business address[,] and business telephone number" (Matter of Snyder v Nassau County, 199 AD3d 923, 924 [internal quotation marks omitted]). "21 NYCRR 1401.7(c) provides that a FOIL request is deemed denied if there is no response to the request within five business days" (Matter of Madden v Village of Tuxedo Park, 192 AD3d 802, 805). "[A]ny administrative appeal of a denial [must] be undertaken within 30 days of the denial" (Matter of Snyder v Nassau County, 199 AD3d at 924). A petitioner who does not "appeal[ ] the denial in writing" will generally be deemed to have "failed to exhaust its administrative remedies and, thus, [may] not resort to a judicial forum to gain relief" (Matter of Bradhurst Site Constr. Corp. v Zoning Bd. of Appeals, Town of Mount Pleasant, 128 AD3d 817, 818, citing Doe v Lake Grove Sch., 107 AD3d 841, 842-843).
Here, the Supreme Court improperly determined that dismissal was warranted based on the petitioner's failure to exhaust its administrative remedies. Where, as here, an agency fails to "inform the person [or entity] making the FOIL request that further administrative review of the determination is available, the requirement of exhaustion is excused" (Matter of Lepper v Village of Babylon, 190 AD3d 738, 742, citing Matter of Barrett v Morgenthau, 74 NY2d 907, 909; see Matter of Rivette v District Attorney of Rensselaer County, 272 AD2d 648, 649). Moreover, contrary to the respondents' contention, the petitioner's alleged "aware[ness] . . . of the availability of administrative review . . . did not relieve the respondent of its responsibility to advise the petitioner that such review was available, and of the procedures for securing it" (Matter of Orange County Publs. v Kiryas Joel Union Free School Dist., 282 AD2d 604, 606). However, the court's denial, in effect, of that branch of the petition which sought to retrain certain employees of the respondents with respect to their obligations under FOIL was proper (see Matter of Rosasco v St. James Fire Dist., 200 AD3d 692, 694).
Contrary to the respondents' contention, the proceeding was not rendered academic by its post-commencement disclosure of records in response to some of the petitioner's requests, since an actual controversy between the parties still exists concerning whether the petitioner's remaining requests are exempt from disclosure (see Matter of Barry v O'Neill, 185 AD3d 503, 505; cf. Matter of McDevitt v Suffolk County, 183 AD3d 826, 827; Matter of Convers v County of Orange, 139 AD3d 1060, 1061-1062). The petitioner's request for attorney's fees and other costs is also not academic, nor would it have been rendered academic even if the Agency had eventually provided all of the materials sought (see Matter of Acme Bus Corp. v County of Suffolk, 136 AD3d 896, 897).
To the extent that the remaining materials sought by the petitioner "concern[ ] the [Agency's] nonadjudicatory responsibilities [they are] not exempt from disclosure under . . . Public Officers Law § 86(3)" (Matter of Law Offs. of Cory H. Morris v County of Nassau, 158 AD3d 630, 632, citing Matter of Dolce v Nassau County Traffic & Parking Violations Agency, 7 NY3d 492, 498; see Matter of Neale v Law Guardian Advisory Comm. for Ninth Jud. Dist., 62 AD3d 885, 886). However, the record lacks sufficient evidence to conclude, as a matter of law, that the requested materials are exempt from disclosure as records of the "judiciary" pursuant to that statute (see Matter of Law Offs. of Frank DeSousa v Nassau County, 171 AD3d 925, 926; Matter of Law Offs. of Cory H. Morris v County of Nassau, 158 AD3d at 632; see also Matter of Snyder v Nassau County, 199 [*3]AD3d at 924).
Since that branch of petition which was to compel disclosure of certain records remains undetermined in light of our determination, "the petitioner's request for an award of attorney's fees and litigation costs is premature" (Matter of Jewish Press, Inc. v New York City Dept. of Educ., 183 AD3d 731, 733; see Matter of McDevitt v Suffolk County, 183 AD3d at 828).
Accordingly, we reinstate those branches of the petition which were to compel disclosure of certain records and for an award of attorney's fees and litigation costs, and remit the matter to the Supreme Court, Suffolk County, for further proceedings consistent herewith and a new determination of those branches of the petition.
The petitioner's remaining contention is without merit.
BRATHWAITE NELSON, J.P., RIVERA, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court