Matter of Meyer v Town of Hempstead (2025 NY Slip Op 01930)

Matter of Meyer v Town of Hempstead

2025 NY Slip Op 01930

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2023-02455
 (Index No. 602455/22)

[*1]In the Matter of Howard J. Meyer, appellant,
v
Town of Hempstead, respondent.

Aron Law, PLLC, Brooklyn, NY (Joseph H. Aron, Aviva Y. Horowitz, and Samuel C. Spirgel of counsel), for appellant.
Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Stephen L. Martir of counsel), for respondent.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, inter alia, to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorneys' fees and litigation costs, and action for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Felice J. Muraca, J.), entered February 16, 2023. The order and judgment, in effect, granted the motion of the Town of Hempstead pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint and dismissed the proceeding/action.
ORDERED that the order and judgment is reversed, on the law, with costs, the motion of the Town of Hempstead, in effect, pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint is denied, the petition/complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.
In September 2021, Howard J. Meyer submitted a request pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) to the Town of Hempstead, requesting certain records relating to a new Amazon warehouse and distribution center that was to be built in the Town. Following correspondence between the parties, the request was clarified and Meyer agreed to extend the Town's time to respond to November 30, 2021. In December 2021, having received no production in response to his request, Meyer communicated his intention to administratively appeal the constructive denial of his request. Other than an acknowledgment of receipt of his email, Meyer received no further communications from the Town in connection with his request prior to his commencement of this proceeding/action.
In February 2022, Meyer commenced this hybrid proceeding pursuant to CPLR article 78, inter alia, to compel the production of the requested records and for an award of attorneys' fees and litigation costs, and action for declaratory relief. In May 2022, the Town sent Meyer certain records it alleged were responsive to his request and moved, in effect, pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint. Meyer opposed the Town's motion, submitting an affirmation in which he averred that the records produced were not responsive to his request and, in any event, that many categories of his request were not addressed.
In an order and judgment entered February 16, 2023, the Supreme Court, in effect, granted the Town's motion and dismissed the proceeding/action. Meyer appeals.
"On a motion to dismiss a pleading pursuant to CPLR 3211(a)(7) and 7804(f), all of the allegations in the pleading are deemed true and afforded the benefit of every favorable inference" (Matter of Fanizzi v Planning Bd. of Patterson, 146 AD3d 98, 107 [internal quotation marks omitted]). "Courts may consider extrinsic evidence outside of the pleading's four corners to help determine whether the pleading party has a cause of action" (Matter of Madden v Village of Tuxedo Park, 192 AD3d 802, 804). Allegations in the pleading may only be disregarded if they are "inherently incredible or flatly contradicted by documentary evidence" (Matter of Levy v SUNY Stony Brook, 185 AD3d 689, 690 [internal quotation marks omitted]).
"FOIL generally requires government agencies to make available for public inspection and copying all records subject to a number of exemptions" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 73 [internal quotation marks omitted]). "FOIL is based on a presumption of access in accordance with the underlying 'premise that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government'" (id., quoting Matter of Fink v Lefkowitz, 47 NY2d 567, 571). A "post-commencement disclosure of records in response to some of the petitioner's requests" does not render a proceeding academic, so long as "an actual controversy between the parties still exists concerning whether the petitioner's remaining requests are exempt from disclosure" (Matter of Law Offs. of Cory H. Morris v Suffolk County, 216 AD3d 638, 640-641). Even full production of all records sought, made post-commencement, will not render a request for attorneys' fees and other costs in connection with the proceeding academic (see id. at 641).
Here, Meyer credibly alleged the existence of records, such as email correspondence between Amazon and the Town and traffic studies which may have been undertaken in connection with the approval of the new warehouse and distribution center, which were not produced. When faced with a request for such records, the Town was required to "either disclose the record sought, deny the request and claim a specific exemption to disclosure, or certify that it does not possess the requested document and that it could not be located after a diligent search" (Matter of Beechwood Restorative Care Ctr. v Signor, 5 NY3d 435, 440-441; see Public Officers Law § 89[3]). Merely representing that "[u]pon information and belief" all documents had been provided, as was averred by the Town's FOIL appeals officer in connection with the Town's motion, is insufficient to comply with the requirements of FOIL (see Matter of Oddone v Suffolk County Police Dept., 96 AD3d 758, 761).
Since the petition/complaint remains undetermined, Meyer's request for an award of attorneys' fees and litigation costs is premature (see Matter of Jewish Press, Inc. v New York City Dept. of Educ., 183 AD3d 731, 733).
Accordingly, we reverse the order and judgment, reinstate the petition/complaint, and remit the matter to the Supreme Court, Nassau County, for further proceedings.
IANNACCI, J.P., CHRISTOPHER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court