Matter of Wagner v New York City Dept. of Health & Mental Hygiene (2026 NY Slip Op 00516)

Matter of Wagner v New York City Dept. of Health & Mental Hygiene

2026 NY Slip Op 00516

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-03876
 (Index No. 710861/22)

[*1]In the Matter of Jimmy Wagner, appellant,
vNew York City Department of Health and Mental Hygiene, respondent.

Aron Law, PLLC, Brooklyn, NY (Joseph H. Aron of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Melanie T. West and Chloé K. Moon of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorneys' fees and litigation costs, the petitioner appeals from a judgment of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered March 9, 2023. The judgment, insofar as appealed from, denied that branch of the petition which was for an award of attorneys' fees and litigation costs and dismissed that portion of the proceeding.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was for an award of attorneys' fees and litigation costs is granted, and the matter is remitted to the Supreme Court, Queens County, for a determination of the amount of an award of reasonable attorneys' fees and litigation costs to the petitioner and the entry of an appropriate amended judgment thereafter.
On October 9, 2021, the petitioner filed a request pursuant to the Freedom of Information Law (FOIL) (Public Officers Law art 6) with the New York City Department of Health and Mental Hygiene (hereinafter the DOHMH) for the production of various records and correspondence from January 1, 2021, until the date of his request regarding the COVID-19 vaccine. On October 13, 2021, the DOHMH denied the petitioner's FOIL request and advised him that he could file an appeal to challenge the denial. On November 1, 2021, the petitioner filed an amended FOIL request. The DOHMH granted the amended request and set a date certain for production but repeatedly extended its anticipated date of production.
On June 17, 2022, the petitioner commenced this CPLR article 78 proceeding to compel the production of the records sought in his amended FOIL request and for an award of attorneys' fees and litigation costs. On October 13, 2022, the petitioner informed the Supreme Court that the petition had been rendered academic in part, because the DOHMH had partially provided the requested records, but that that branch of the petition which was for an award of attorneys' fees and litigation costs remained at issue. In a judgment entered March 9, 2023, the court, inter alia, denied that branch of the petition which was for an award of attorneys' fees and litigation costs and dismissed that portion of the proceeding. The petitioner appeals.
"[A] FOIL request is deemed denied if there is no response to the request within five business days" (Matter of Madden v Village of Tuxedo Park, 192 AD3d 802, 805; see 21 NYCRR 1401.5[c], 1401.7[c]). "If an agency determines to grant a request in whole or in part, and if circumstances prevent disclosure to the person requesting the record or records within twenty business days, the agency shall state, in writing, both the reason for the inability to grant the request within twenty business days and a date certain within a reasonable period, depending on the circumstances, when the request will be granted in whole or in part" (Public Officers Law § 89[3][a]).
Here, after several extensions of its anticipated date of production, on May 12, 2022, the DOHMH replied to the petitioner but failed to set a date certain for production or to inform the petitioner of his appeal rights in violation of Public Officers Law § 89(3)(a) and (4)(a). Moreover, each of the DOHMH's extensions of its anticipated date of production exceeded the statutorily permitted 20 business days, and the DOHMH cited the volume and burden of production as the only reason for its delay. That was not a statutorily permissible reason for delay and amounted to a constructive denial of the petitioner's request (see id. § 89[3][a]; 21 NYCRR 1401.7[c]).
"Where, as here, an agency fails to inform the person [or entity] making the FOIL request that further administrative review of the determination is available, the requirement of exhaustion is excused" (Matter of Law Offs. of Cory H. Morris v Suffolk County, 216 AD3d 638, 640 [internal quotation marks omitted]; see Matter of Lepper v Village of Babylon, 190 AD3d 738, 742). The petitioner's alleged awareness of the availability of administrative review does not relieve an agency of its responsibility "to advise the petitioner that such review was available, and of the procedures for securing it" (Matter of Law Offs. of Cory H. Morris v Suffolk County, 216 AD3d at 640 [internal quotation marks omitted]). Where an agency does not advise the petitioner of the availability of an administrative appeal, the petitioner's appeal cannot be considered time-barred (see 21 NYCRR 1401.7[b]; Matter of Madden v Village of Tuxedo Park, 192 AD3d at 805).
Here, in its May 12, 2022 response, the DOHMH failed to inform the petitioner that administrative review of the determination was available, which excused the petitioner's obligation to exhaust his administrative remedies (see Matter of Law Offs. of Cory H. Morris v Suffolk County, 216 AD3d at 640). Similarly, since the DOHMH failed to specify a date certain for production, the petitioner's time to appeal never started running (see Matter of Madden v Village of Tuxedo Park, 192 AD3d at 805). Thus, contrary to the DOHMH's contention, this proceeding was not time-barred (see id.).
"[T]he court . . . shall assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of Public Officers Law § 89 in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" (Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d 1012, 1013 [internal quotation marks omitted]; see Public Officers Law § 89[4][c][ii]). "'A petitioner has substantially prevailed within the meaning of Public Officers Law § 89(4)(c) when the commencement of the CPLR article 78 proceeding ultimately succeeds in obtaining the records responsive to the FOIL request, whether by court order or by voluntary disclosure'" (Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d at 1013 [internal quotation marks omitted], quoting Matter of McDevitt v Suffolk County, 183 AD3d 826, 828).
Here, the petitioner succeeded in obtaining the records responsive to the FOIL request only after commencing this CPLR article 78 proceeding. The DOHMH failed to cite a statutorily permitted basis for its constructive denial, and the production of records occurred only after the petitioner commenced this proceeding (see Public Officers Law § 89[3][a]). Since the petitioner "substantially prevailed," and the DOHMH did not have a reasonable basis for denying access, the petitioner was statutorily entitled to an award of attorneys' fees and litigation costs (id. § 89[4][c][ii]; see Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d at 1013).
Accordingly, we grant that branch of the petition which was for an award of attorneys' fees and litigation costs and remit the matter to the Supreme Court, Queens County, for [*2]a determination of the amount of an award of reasonable attorneys' fees and litigation costs to the petitioner and the entry of an appropriate amended judgment thereafter.
CONNOLLY, J.P., WOOTEN, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court