■ In the Matter of EDWARD MACKENZIE, Appellant, v MELINDA B. SEIDEN, as Records Access Officer, Albany County District Attorney's Office, Respondent. [10 NYS3d 655]—

Garry, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered November 1, 2013 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Albany County District Attorney's Office denying petitioner's Freedom of Information Law request.

Petitioner, an inmate, commenced this CPLR article 78 proceeding to contest a determination denying his request for the disclosure of certain documents under the Freedom of Information Law (*see* Public Officers Law art 6). He sought the documents in order to assist another inmate, who had been convicted of numerous sex crimes, with a postjudgment challenge to his conviction. The documents requested included a computer disc containing the inmate's MySpace chat log, all computer printouts taken from the victims' computer, a copy of the MySpace index relevant to the communications between the inmate and the victims, as well as all records and other documentation related to the inmate's MySpace chat log computer disc and printouts taken from the victims' computer. When this case was previously before this Court, we held that the subject documents may be exempt from disclosure under Civil Rights Law § 50-b (1) and Public Officers Law § 87 (2) (a) if they tend to identify the victim of a sex offense (106 AD3d 1140, 1142 [2013]). Because the record then before us did not include the subject documents, we remitted the matter to Supreme Court to undertake an in camera review of these documents (*id.* at 1142). Supreme Court did so and, upon concluding that all of the documents identified the victims of the sex crimes, it ruled that they were exempt from disclosure under Civil Rights Law § 50-b (1) and Public Officers Law § 87 (2) (a). Petitioner now appeals.

We have undertaken an extensive review of the documents at issue and we agree with Supreme Court that they identify the victims of the sex crimes and are exempt from disclosure under Civil Rights Law § 50-b (1) and Public Officers Law § 87 (2) (a). We note that identifying information appears throughout the MySpace index, chat log communications, computer printouts and related documentation. Even if it were possible to redact the identifying information, this course of action is not appropriate given that such documents are categorically excluded from disclosure under Civil Rights Law § 50-b (1) and Public Officers Law § 87 (2) (a) (*see Matter of Short v Board of Mgrs. of Nassau County Med. Ctr.*, 57 NY2d 399, 405-406 [1982]; *see also Matter of Karlin v McMahon*, 96 NY2d 842, 843 [2001]). Accordingly, Supreme Court properly dismissed the petition.

Peters, P.J., Rose and Devine, JJ., concur. Ordered that the judgment is affirmed, without costs.