■ In the Matter of NEWSDAY, LLC, Appellant, v NASSAU COUNTY POLICE DEPARTMENT, Respondent. [24 NYS3d 413]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Freedom of Information Law (Public Officers Law art 6) appeals officer of the Nassau County Police Department dated March 12, 2013, which denied the petitioner's administrative appeal seeking disclosure of certain documents under the Freedom of Information Law and for an award of litigation costs, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered March 13, 2014, as denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the petition is granted to the extent that the respondent is directed to produce the requested

documents for an in camera inspection by the Supreme Court, Nassau County, and the matter is remitted to the Supreme Court, Nassau County, for a new determination based upon that in camera inspection.

In 2009, Leonardo Valdez-Cruz stabbed Jo'Anna Bird to death in Nassau County. Valdez-Cruz was tried and convicted of, inter alia, murder in the first degree, and is currently serving a life sentence (see People v Valdez-Cruz, 99 AD3d 738 [2012]). Following the murder, the Nassau County Police Department's Internal Affairs Unit (hereinafter IAU) conducted an investigation into the circumstances leading up to Bird's death. While the complete results of the investigation were never made public, the petition alleges that the petitioner's newspaper reported that the investigation found that at least seven police officers failed to fully investigate domestic violence calls made by Bird in the days before her murder. In March 2012, Nassau County agreed to pay $7.7 million to settle a wrongful death action brought by Bird's family.

In April 2012, the petitioner made a Freedom of Information Law (Public Officers Law § 84 et seq. [hereinafter FOIL]) request to the Nassau County Police Department (hereinafter NCPD) for documents related to Jo'Anna Bird, Leonardo Valdez-Cruz, and the IAU investigation in the "Bird case." The NCPD denied the FOIL request based, inter alia, on a determination that the requested records fell within the statutory exemption under Civil Rights Law § 50-a. In a determination dated March 12, 2013, the FOIL appeals officer of the NCPD denied the petitioner's administrative appeal. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination dated March 12, 2013. In a judgment entered March 13, 2014, the Supreme Court denied the petition and, in effect, dismissed the proceeding.

In a proceeding pursuant to CPLR article 78 to compel the production of material pursuant to FOIL, the agency denying access has the burden of demonstrating that the material requested falls within a statutory exemption, which exemptions are narrowly construed (see Public Officers Law § 89 [5] [e], [f]; Matter of West Harlem Bus. Group v Empire State Dev. Corp., 13 NY3d 882, 885 [2009]; Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 462 [2007]). This showing requires the entity resisting disclosure to "articulate a 'particularized and specific justification for denying access' " (Matter of Dilworth v Westchester County Dept. of Correction, 93 AD3d 722, 724 [2012], quoting Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566 [1986]). "Conclusory asser-

tions that certain records fall within a statutory exemption are not sufficient; evidentiary support is needed" (*Matter of Dilworth v Westchester County Dept. of Correction*, 93 AD3d at 724). "If the court is unable to determine whether withheld documents fall entirely within the scope of the asserted exemption, it should conduct an in camera inspection of representative documents and order disclosure of all nonexempt, appropriately redacted material" (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 275 [1996]).

Civil Rights Law § 50-a (1) provides, in relevant part, that "[a]ll personnel records used to evaluate performance toward continued employment or promotion" of police officers "shall be considered confidential and not subject to inspection or review" (*see Matter of Cook v Nassau County Police Dept.*, 110 AD3d 718 [2013]). However, "when access to an officer's personnel records relevant to promotion or continued employment is sought under FOIL, nondisclosure will be limited to the extent reasonably necessary to effectuate the purposes of Civil Rights Law § 50-a—to prevent the potential use of information in the records in litigation to degrade, embarrass, harass or impeach the integrity of the officer" (*Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d 145, 157-158 [1999]). In the instant case, the Supreme Court should have conducted an in camera inspection to determine if the requested documents fall within the exemption from disclosure of Civil Rights Law § 50-a. Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a new determination based upon the in camera inspection.

The parties' remaining contentions need not be addressed at this juncture. Rivera, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.