■ In the Matter of ALBERT J. MAZZA, Appellant, v VILLAGE OF CROTON-ON-HUDSON, Respondent. [33 NYS3d 426]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Village of Croton-on-Hudson dated January 27, 2014, which denied the petitioner's administrative appeal seeking the disclosure of certain documents under the Freedom of Information Law (Public Officers Law § 84 et seq.), the petitioner appeals from a judgment of the Supreme Court, Westchester County (Neary, J.), entered June 16, 2014, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted only to the extent that the respondent is directed to produce the requested documents for an in camera inspection by the Supreme Court, Westchester County, and the matter is remitted to the Supreme Court, Westchester County, for a new determination based upon that in camera inspection.

The petitioner made a Freedom of Information Law (Public Officers Law § 84 *et seq.* [hereinafter FOIL]) request to the Village of Croton-on-Hudson for the police department file relating to a recent criminal investigation of allegations that he had sexually abused minors more than 25 years ago. The Village denied the request, claiming that the entire case file was exempt from FOIL disclosure. After an unsuccessful administrative appeal, the petitioner commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, to compel the Village to produce the case file. The Supreme Court denied the petition and dismissed the proceeding.

In a proceeding pursuant to CPLR article 78 to compel the production of material pursuant to FOIL, the agency denying access has the burden of demonstrating that the material requested falls within a statutory exemption, which exemptions are narrowly construed (*see* Public Officers Law § 89 [5] [e], [f]; *Matter of West Harlem Bus. Group v Empire State Dev. Corp.*, 13 NY3d 882, 885 [2009]; *Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 462 [2007]). This showing requires the entity resisting disclosure to articulate a particularized and specific justification for denying access (*see Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]; *Matter of Berger v New York City Dept. of Health & Mental Hygiene*, 137 AD3d 904, 906 [2016]; *Matter of Dilworth v Westchester County Dept. of Correction*, 93 AD3d 722, 724 [2012]). Conclusory assertions that certain records fall within a statutory exemption are not sufficient; evidentiary support is needed (*see Matter of Prall v New York City Dept. of Corr.*, 129 AD3d 734, 736 [2015]; *Matter of Baez v Brown*, 124 AD3d 881, 883 [2015]; *Matter of Madera v Elmont Pub. Lib.*, 101 AD3d 726, 727 [2012]; *Matter of Dilworth v Westchester County Dept. of Correction*, 93 AD3d at 724). If the court is unable to determine whether withheld documents fall entirely within the scope of the asserted exemption, it should conduct an in camera inspection of representative documents and order disclosure of all nonexempt, appropriately redacted material (*see Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 275 [1996]; *Matter of Newsday, LLC v Nassau County Police Dept.*, 136 AD3d 828, 830 [2016]).

Public Officers Law § 87 (2) (a) provides that an agency may deny access to records or portions thereof that "are specifically exempted from disclosure by state or federal statute" (Public Officers Law § 87 [2] [a]). Civil Rights Law § 50-b (1) provides a statutory exemption from disclosure for documents that tend to identify the victim of a sex offense (see Matter of Karlin v McMahon, 96 NY2d 842, 843 [2001]). However, Civil Rights Law § 50-b (1) "does not justify a blanket denial of a request for any documents relating to a sex crime. If a requested document does not contain information that tends to identify the victim of a sex crime, and the FOIL request is otherwise valid, the document must be disclosed" (Matter of Fappiano v New York City Police Dept., 95 NY2d 738, 748 [2001]). The agency must make a particularized showing that the statutory exemption from disclosure pursuant to Civil Rights Law § 50-b (1) applies to all the records that the petitioner seeks (see Matter of Karlin v McMahon, 96 NY2d at 843).

Here, the Supreme Court should have conducted an in camera inspection to determine whether the entire case file falls within the exemption from disclosure of Civil Rights Law § 50-b (1) (see Matter of MacKenzie v Seiden, 106 AD3d 1140, 1143 [2013]; see also Matter of Newsday, LLC v Nassau County Police Dept., 136 AD3d at 829). Any document within the case file containing identifying information is protected by Civil Rights Law § 50-b (1), a state statute, and would be categorically excluded in its entirety and not subject to redaction or deletion (see Matter of Karlin v McMahon, 96 NY2d at 843; Matter of Short v Board of Mgrs. of Nassau County Med. Ctr., 57 NY2d 399, 401, 404-405 [1982]; Matter of MacKenzie v Seiden, 128 AD3d 1291, 1292 [2015]; Matter of Lesher v Hynes, 80 AD3d 611, 613 [2011], affd 19 NY3d 57 [2012]). Accordingly, the matter must be remitted to the Supreme Court, Westchester County, for a new determination based upon an in camera inspection.

Inasmuch as the petitioner has not yet "substantially prevailed" in this proceeding, he is not eligible for a discretionary award of litigation costs (Public Officers Law § 89 [4] [c]; see Matter of Berger v New York City Dept. of Health & Mental Hygiene, 137 AD3d at 907; Matter of Miller v New York State Div. of Human Rights, 122 AD3d 431, 432 [2014]). Rivera, J.P., Dickerson, Maltese and Barros, JJ., concur.