Matter of Lepper v Village of Babylon (2021 NY Slip Op 00174)





Matter of Lepper v Village of Babylon


2021 NY Slip Op 00174


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-07955
 (Index No. 379/19)

[*1]In the Matter of John Lepper, appellant,
v
Village of Babylon, et al., respondents.


Cory H. Morris, Melville, NY, for appellant.
Gerard Glass & Associates, P.C., Babylon, NY, for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees and litigation costs, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated May 23, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof denying those branches of the petition which were to review redactions to certain documents and the nondisclosure of certain documents and for an award of attorney's fees and litigation costs, and dismissing those portions of the proceeding, and substituting therefor provisions granting those branches of the petition to the extent that the respondents are directed to produce those materials in unredacted form for an in camera inspection by the Supreme Court, Suffolk County; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination of those branches of the petition based upon the in camera inspection.
The petitioner, John Lepper, was prosecuted by the respondent Village of Babylon for alleged building code violations relating to construction of a tree house on his property. By letter dated November 16, 2018, the petitioner, through his attorney, made a request to the Village as well as several of its elected officials and officers (hereinafter collectively the Village Respondents) pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) for, inter alia, records concerning the petitioner, his property, the prosecution against him, copies of the Village Attorney's retainer agreements with the Village, any record evidencing a payment by the Village to the Village Attorney, any application or building permit issued for any tree house in the Village within the previous 25 years, any correspondence with the Village regarding any tree house in the previous 5 years, as well as various other records of certain Village employees. The petitioner's FOIL request demanded the records by email "to the extent possible," to advise him "of the appropriate time during normal business hours for inspecting the . . . records . . . prior to obtaining certified copies," and to inform him of "the cost of providing paper copies/certified copies" of the records.
By letter dated November 21, 2018, the Village Clerk responded to the petitioner's [*2]attorney that, due to the "voluminous amount of records requested," additional time would be needed to respond to the request and that the request "should be completed by December 17th, 2018."
By letter dated December 17, 2018, the Village Clerk wrote to the petitioner's attorney that "the files are now available to inspect" and requested that he contact her "to schedule a mutually convenient time to inspect the files."
By letter dated December 19, 2018, the petitioner's attorney demanded that the files be furnished in "[c]ertified and [e]lectronic format" and enclosed a check in the amount of $25 and a self-addressed stamped envelope "[t]o expedite the request and [the Village's] response."
By letter dated December 28, 2018, the Village Clerk responded to the petitioner's attorney that the records had not been provided electronically because the FOIL request had alternately asked for an opportunity to inspect them. The Clerk wrote that the records, which consisted of more than 1,000 pages of documents, were too voluminous to be scanned in the Clerk's office but could be scanned by an outside contractor at an approximate cost of $0.25 per page, and $2 per page for 18 pages of larger format plans. The Clerk wrote: "Please let us know how to proceed."
By letter dated January 3, 2019, the petitioner's attorney sent a "Notice of Appeal" to the Village, claiming a "constructive denial" of the FOIL request. The letter threatened legal action to enforce the FOIL request and intimated that the petitioner would be seeking an award of attorney's fees in a legal proceeding.
Email correspondence from the Village Clerk to the petitioner's attorney dated January 7, 2019, indicates that neither the petitioner nor a representative appeared for an appointment scheduled for January 7, 2019, at the Village Clerk's office for the purpose of examining the records.
By letter dated January 8, 2019, the Village Attorney confirmed receipt of the petitioner's FOIL appeal and responded: "Your appeal cannot be considered given the fact that your FOIL application was approved. For reasons I am unaware of, you neglected to appear for appointments on January 7 and January 8, 2019 to scan the documents. Presumably, you will follow up with the Village of Babylon Clerk's office."
On January 9, 2019, the petitioner went to the Village Clerk's office and was able to copy and scan the records.
By letter dated January 14, 2019, the petitioner's attorney sent a "Final Demand" to the Village, contending that the petitioner had spent "hours sifting through unidentified records" and still had not been provided with "electronic mailings, complaints (concerning his property), and records of payment/invoice to the Village of Babylon's Village Attorney."
By letter dated January 22, 2019, the Village Clerk wrote to the petitioner's attorney that her office, in a "good faith" effort to comply, made an additional search and discovered two additional documents responsive to the request, which were provided in redacted form pursuant to Public Officers Law §§ 87(2)(b) and 89(2)(b).
In a separate letter also dated January 22, 2019, the Village Clerk wrote to the petitioner's attorney, with respect to his demand for "electronic mailings," that "all discoverable electronic mailings were provided excluding intra agency electronic mail which is not discoverable under the Public Officers Law."
The petitioner commenced this proceeding pursuant to CPLR article 78, alleging that the Village Respondents had failed to respond to his FOIL request, failed to provide a proper response to his administrative appeal, and seeking an award of attorney's fees. The Village Respondents answered and asserted, inter alia, an affirmative defense that the petitioner had failed to exhaust his administrative remedies.
In a judgment dated May 23, 2019, the Supreme Court denied the petition and dismissed the proceeding. The court found that the Village Respondents properly responded to the FOIL request. With respect to the petitioner's arguments regarding the documents provided on January 22, 2019, the court found that the petitioner had failed to exhaust his administrative remedies, since he did not file an administrative appeal challenging those redactions. The petitioner appeals.
"FOIL requires that public agencies 'make available for public inspection and copying all records' except where they fall within one of the statute's enumerated exemptions" (Matter of Kosmider v Whitney, 34 NY3d 48, 54, quoting Public Officers Law § 87[2]; see Matter of New York Times Co. v District Attorney of Kings County, 179 AD3d 115, 121). Public Officers Law § 89(3)(a) provides, in pertinent part: "Each entity subject to the provisions of this article, within five business days of the receipt of a written request for a record reasonably described, shall make such record available to the person requesting it, deny such request in writing or furnish a written acknowledgement of the receipt of such request and a statement of the approximate date, which shall be reasonable under the circumstances of the request, when such request will be granted or denied . . . . An agency shall not deny a request on the basis that the request is voluminous or that locating or reviewing the requested records or providing the requested copies is burdensome because the agency lacks sufficient staffing or on any other basis if the agency may engage an outside professional service to provide copying, programming or other services required to provide the copy, the costs of which the agency may recover . . . . If an agency determines to grant a request in whole or in part, and if circumstances prevent disclosure to the person requesting the record or records within twenty business days from the date of the acknowledgement of the receipt of the request, the agency shall state, in writing, both the reason for the inability to grant the request within twenty business days and a date certain within a reasonable period, depending on the circumstances, when the request will be granted in whole or in part. Upon payment of, or offer to pay, the fee prescribed therefor, the entity shall provide a copy of such record and certify to the correctness of such copy if so requested, or as the case may be, shall certify that it does not have possession of such record or that such record cannot be found after diligent search" (emphasis added).
Here, with respect to the vast majority of the material responsive to the petitioner's FOIL request, the Village Respondents complied with Public Officers Law § 89(3)(a) by acknowledging receipt of his request in writing within five days, citing that the request could not be immediately responded to due its voluminous nature, and providing a reasonable date certain thereafter that the request would be fulfilled (see Public Officers Law § 89(3)(a); cf. Matter of Rhino Assets, LLC v New York City Dept. for Aging, SCRIE Programs, 31 AD3d 292, 293-294). The Village further complied by making those records, which consisted of more than 1,000 pages of documents, available to the petitioner for copying and inspection on December 17, 2018. Given the voluminous nature of the request, the Village Respondents were permitted to seek the petitioner's approval to pay for the cost of copying and scanning by an outside service (see Public Officers Law §§ 87[1][c]; [5]; 89[3][a], [b]).
With respect to (1) the two pages of redacted records belatedly provided to the petitioner on January 22, 2019, and (2) the Village Clerk's January 22, 2019 letter disclosing to the petitioner that certain "electronic mailings" had been omitted from the FOIL response because those records constituted intra-agency mail, we disagree with the Supreme Court's determination that the petitioner was required to exhaust further administrative remedies prior to seeking judicial review of these nondisclosures. Where, as here, the agency's denial letter does not inform the person making the FOIL request that further administrative review of the determination is available, the requirement of exhaustion is excused (see Matter of Barrett v Morgenthau, 74 NY2d 907, 909; Matter of Orange County Publs. v Kiryas Joel Union Free School Dist., 282 AD2d 604, 606).
However, since such unredacted and undisclosed material is not part of the appellate record, we cannot determine the merits of the petitioner's challenges to the Village Respondents' reliance on exemptions to withhold it (see Matter of New York Times Co. v District Attorney of Kings County, 179 AD3d at 124-125; Matter of Gedan v Town of Mamaroneck [N.Y.], 170 AD3d [*3]833; Matter of Mazza v Village of Croton-on-Hudson, 140 AD3d 878, 880; Matter of Newsday, LLC v Nassau County Police Dept., 136 AD3d 828, 830). "FOIL requires that public agencies 'make available for public inspection and copying all records' except where they fall within one of the statute's enumerated exemptions" (Matter of Kosmider v Whitney, 34 NY3d at 54, quoting Public Officers Law § 87[2]). "[Courts] typically construe exemptions narrowly, and an agency has the burden of demonstrating that an exemption applies 'by articulating a particularized and specific justification for denying access'" (Matter of Kosmider v Whitney, 34 NY3d at 54, quoting Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566). "If the court is unable to determine whether withheld documents fall entirely within the scope of the asserted exemption, it should conduct an in camera inspection of representative documents and order disclosure of all nonexempt, appropriately redacted material" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 275; see Matter of New York Times Co. v District Attorney of Kings County, 179 AD3d at 125; Matter of Gedan v Town of Mamaroneck [N.Y.], 170 AD3d 833; Matter of Mazza v Village of Croton-on-Hudson, 140 AD3d at 880; Matter of Newsday, LLC v Nassau County Police Dept., 136 AD3d at 830).
Since we cannot determine whether the Village Respondents have met their burden of demonstrating the applicability of the exemptions to the aforementioned material, which was belatedly provided to the petitioner or withheld altogether, we must remit the matter for the Supreme Court to conduct an in camera inspection of representative documents to determine whether the material fell within the asserted FOIL exemptions (see Matter of New York Times Co. v District Attorney of Kings County, 179 AD3d at 125; Matter of Gedan v Town of Mamaroneck, 170 AD3d 833; Matter of Mazza v Village of Croton-on-Hudson, 140 AD3d at 880; Matter of Newsday, LLC v Nassau County Police Dept., 136 AD3d at 830).
In light of the foregoing, it is premature to determine whether the petitioner "substantially prevailed" so as to be entitled to an award of attorney's fees and litigation costs pursuant to Public Officers Law § 89(4)(c) (see Matter of Jewish Press, Inc. v New York City Dept. of Educ., 183 AD3d 731, 733).
The petitioner's contentions regarding matters dehors the record are not properly before this Court.
DILLON, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court