Matter of McFadden v McDonald (2022 NY Slip Op 02265)

Matter of McFadden v McDonald

2022 NY Slip Op 02265

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LARA J. GENOVESI, JJ.

2019-04789
 (Index No. 6362/15)

[*1]In the Matter of Reginald McFadden, appellant,
v
Christina McDonald, etc., et al., respondents.

Reginald McFadden, Attica, NY, appellant pro se.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for respondents Police Officer Christina McDonald and Nassau County Police Department.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Judith R. Sternberg of counsel), respondent pro se.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (James P. McCormack, J.), dated January 14, 2019. The order and judgment denied the petitioner's motion to impose sanctions against the respondents Police Officer Christina McDonald and Nassau County Police Department, and denied the petition insofar as asserted against them. The appeal brings up for review so much of an order of the same court dated November 18, 2015, as dismissed the petition insofar as asserted against the respondent Nassau County District Attorney's Office as untimely.
ORDERED that the order and judgment, is modified, on the law, by deleting the provision thereof denying the petition insofar as asserted against the respondents Police Officer Christina McDonald and Nassau County Police Department, and substituting therefor a provision granting the petition to the extent that the respondents Police Officer Christina McDonald and Nassau County Police Department are directed to provide the petitioner with the 28 pages of documents previously submitted to the Supreme Court, Nassau County, for in camera inspection, after the deletion of confidential identifying details (see Public Officers Law § 89[2][c][I]); as so modified, the order and judgment is affirmed, without costs or disbursements.
On or about June 16, 2014, the petitioner made a Freedom of Information Law (Public Officers Law § 84 et seq.; hereinafter FOIL) request to the respondent Nassau County District Attorney's Office (hereinafter the District Attorney) relating to the criminal investigation underlying his convictions in the mid-1990s. The District Attorney denied the request, and on July 2, 2014, upheld the denial on administrative appeal. The petitioner then made a similar FOIL request of the respondent Nassau County Police Department. On January 25, 2015, the respondent Officer Christine McDonald (hereinafter together with the Nassau County Police Department, the NCPD) denied the request on the ground that it was insufficiently specific (see Public Officers Law § 89[3][a]) and suggested the petitioner follow up with additional details. The petitioner did so, and even tried to initiate an administrative appeal of the denial, but the NCPD did not respond. Consequently, by petition dated June 23, 2015, the petitioner commenced this proceeding pursuant [*2]to CPLR article 78 in the nature of mandamus to compel, in effect, the District Attorney and the NCPD to comply with his FOIL requests.
The District Attorney moved to dismiss the petition insofar as asserted against it on timeliness grounds, and, in an order dated November 18, 2015, the Supreme Court, among other things, granted the motion. The court also directed the NCPD to answer the petition within 30 days. Nearly two years elapsed before the order was properly served with notice of entry. The petitioner thereafter moved to hold the NCPD in contempt of the November 18, 2015 order, and to impose financial sanctions pursuant to 22 NYCRR 130-1.1. In an order dated July 26, 2018, the court denied the motion, directed the NCPD to answer the petition within 30 days, and indicated that the court would revisit the motion if the NCPD failed to comply. The NCPD complied, and for the first time asserted that the materials requested were exempt from disclosure under Public Officers Law § 87(2)(b), (2)(f), and, in effect, (2)(g). The NCPD also volunteered "twenty-eight pages of unredacted documents" responsive to the petitioner's FOIL requests for the court's in camera inspection. The petitioner thereafter renewed his request to impose sanctions on the NCPD.
In an order and judgment dated January 14, 2019, the Supreme Court denied the petition and denied the petitioner's motion to impose sanctions, explaining, among other things, that the "the 28 pages of materials provided by" the NCPD were "exempt from disclosure pursuant to Public Officers Law §§ 87(e)(iv) and (g)." The petitioner appeals. We modify the order and judgment.
Contrary to the assertion of the District Attorney, there is no basis on this record to dismiss this appeal as untimely taken (see CPLR 5513[a]; Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932). The appeal from the order and judgment dated January 14, 2019, brings up for review so much of the order dated November 18, 2015, as dismissed the petition insofar as asserted against the District Attorney (see CPLR 5501[a][1]; Siegmund Strauss, Inc. v East 149th Realty Corp., 20 NY3d 37, 42). The Supreme Court, however, properly dismissed the petition insofar as asserted against the District Attorney as untimely (see CPLR 217[1]; see Matter of Gjelaj v DiFiore, 163 AD3d 563, 563-564).
The Supreme Court also providently declined to impose financial sanctions (see Burbige v Siben & Ferber, 152 AD3d 641, 643; Wax v 716 Realty, LLC, 151 AD3d 902, 904-905).
Nevertheless, the Supreme Court improperly denied the petition insofar as asserted against the NCPD. "In a proceeding pursuant to CPLR article 78 to compel the production of material pursuant to FOIL, the agency denying access has the burden of demonstrating that the material requested falls within a statutory exemption, which exemptions are narrowly construed" (Matter of Mazza v Village of Croton-on-Hudson, 140 AD3d 878, 879; see Public Officers Law § 89[5][e]). This showing requires the agency "to articulate a particularized and specific justification for denying access," and "[c]onclusory assertions that certain records fall within a statutory exemption are not sufficient; evidentiary support is needed" (Matter of Mazza v Village of Croton-on-Hudson, 140 AD3d at 879). "If the court is unable to determine whether withheld documents fall entirely within the scope of the asserted exemption, it should conduct an in camera inspection of representative documents and order disclosure of all nonexempt, appropriately redacted material" (id.).
"It is the settled rule that judicial review of an administrative determination is limited to the grounds invoked by the agency" (Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758; see Matter of Madeiros v New York State Education Department, 30 NY3d 67, 74). A reviewing court "'is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis'" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 74, quoting Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d at 758; see Matter of Montauk Improvement v Proccacino, 41 NY2d 913, 913).
Here, in affirming the NCPD's denial of the petitioner's FOIL request, the Supreme Court improperly relied upon grounds that the NCPD did not assert in its administrative denial. To provide the NCPD the benefit of the additional justifications it did not advance in the first instance [*3]contravenes Court of Appeals precedent "as well as the spirit and purpose of FOIL" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 75). Limiting review to the grounds for denial properly asserted at the administrative level reveals there was no basis for denying the petitioner's request. Although the NCPD claimed at the administrative level that the petitioner's requests did not reasonably describe the records he sought, the petitioner repeatedly supplemented his request with more details than those suggested by the NCPD. During the course of the proceeding, the NCPD identified and submitted 28 pages of responsive documents for the court's in camera inspection. By its own actions, the NCPD demonstrated that the petitioner's request was not insufficiently specific (see Konigsberg v Coughlin, 68 NY2d 245, 247-252).
Accordingly, we modify the order and judgment so as to grant the petition to the extent of directing the NCPD to provide the petitioner with the 28 pages of documents previously submitted to the Supreme Court for in camera inspection, after the deletion of confidential identifying details (see Public Officers Law § 89[2][c][i]).
CONNOLLY, J.P., CHAMBERS, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court