Matter of Lepper v Village of Babylon (2024 NY Slip Op 04203)

Matter of Lepper v Village of Babylon

2024 NY Slip Op 04203

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-09033
 (Index No. 379/19)

[*1]In the Matter of John Lepper, appellant,
v
Village of Babylon, et al., respondents.

Cory H. Morris, Melville, NY (Victor John Yannacone, Jr., of counsel), for appellant.
Reynolds, Caronia, Gianelli & La Pinta, P.C, Hauppauge, NY (Anthony M. La Pinta and Mark D. Cohen of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees and litigation costs, the petitioner appeals from stated portions of an amended judgment of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated October 26, 2021. The amended judgment, inter alia, denied that branch of the petition which was for an award of attorney's fees and litigation costs.
ORDERED that the amended judgment is affirmed insofar as appealed from, with costs.
In 2018, the petitioner made a request of the Village of Babylon and certain of its elected officials and officers (hereinafter collectively the respondents) to provide him with specified records pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL). The records pertained to, among other things, the petitioner's prosecution by the Village for alleged building code violations in connection with the construction of a tree house on his property. The petitioner was given the opportunity to inspect more than 1,000 pages of documents compiled by the Village Clerk, and was thereafter provided with two additional documents—complaints received by the Village regarding the petitioner's tree house—with information redacted. The petitioner was also advised of the Village's position that "electronic mailings" that he requested constituted intra-agency records exempt from FOIL (see id. § 87[2][g]).
The petitioner subsequently commenced this proceeding pursuant to CPLR article 78, alleging that the respondents failed to respond to his FOIL request and failed to provide a proper response to his administrative appeal, and seeking an award of attorney's fees and litigation costs. By judgment dated May 23, 2019, the Supreme Court denied the petition and dismissed the proceeding. On appeal, this Court, by decision and order dated January 13, 2021, modified the judgment by deleting the provisions thereof denying those branches of the petition which were to compel disclosure of the information redacted from the complaints received by the Village about the petitioner's tree house and the excluded "electronic mailings," and for an award of attorney's fees and litigation costs (see Matter of Lepper v Village of Babylon, 190 AD3d 738). The matter was then remitted for a new determination of those branches of the petition after an in camera inspection of those materials (see id.). This Court otherwise affirmed the denial of the remaining branches of [*2]the petition (see id.).
After disclosure to the petitioner of redacted "electronic mailings" and an in camera inspection by the Supreme Court of the unredacted complaints and "electronic mailings," the court, by amended judgment dated October 26, 2021, directed the Village to produce the complaints in unredacted form. The court agreed with the respondents, however, that the redacted portions of the "electronic mailings" constituted exempt intra-agency records. The court additionally denied that branch of the petition which was for an award of attorney's fees and litigation costs. The petitioner appeals, asserting, inter alia, that he was entitled to an award of attorney's fees and litigation costs.
A court in a FOIL proceeding "shall assess" against the respondent "reasonable attorney's fees and other litigation costs reasonably incurred" by the petitioner in any case "in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" (Public Officers Law § 89[4][c][ii]).
Here, where the petition was, for the most part, properly denied on the basis of the Village's precommencement disclosure of the requested records and proper exclusion of other requested information, the Supreme Court correctly determined that the petitioner did not "substantially prevail" in this proceeding so as to entitle him to an award of attorney's fees and litigation costs (see Matter of Tuckahoe Common Sch. Dist. v Town of Southampton, 179 AD3d 929, 931; Matter of Cook v Nassau County Police Dept., 140 AD3d 1059, 1061; Matter of Saxton v New York State Dept. of Taxation & Fin., 107 AD3d 1104, 1105; Matter of Mack v Howard, 91 AD3d 1315, 1317; cf. Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 79 [the petitioner "substantially prevailed" where the respondent made "no disclosures, redacted or otherwise, prior to petitioner's commencement of [the] CPLR article 78 proceeding" and the "petitioner's legal action ultimately succeeded in obtaining substantial unredacted post-commencement disclosure" (emphasis omitted)]).
Furthermore, the respondents had a reasonable basis in law for withholding the "electronic mailings" under the intra-agency exemption (see Public Officers Law § 87[2][g]), and thus, the fact that a portion of such "electronic mailings" was disclosed postcommencement would not support an award of attorney's fees and costs (see Matter of Niagara Envtl. Action v City of Niagara Falls, 63 NY2d 651, 651-652; Matter of Lane v Port Wash. Police Dist., 221 AD3d 698, 708; Matter of Norton v Town of Islip, 17 AD3d 468, 470).
The petitioner's remaining contentions are either without merit or not properly before this Court.
IANNACCI, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court