Matter of Newsday, LLC v Manhasset Union Free Sch. Dist. (2024 NY Slip Op 05560)

Matter of Newsday, LLC v Manhasset Union Free Sch. Dist.

2024 NY Slip Op 05560

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2022-08937
 (Index No. 601106/22)

[*1]In the Matter of Newsday, LLC, appellant,
v
Manhasset Union Free School District, respondent.

Ballard Spahr LLP, New York, NY (Alia L. Smith of counsel), for appellant.
Frazer & Feldman, LLP, Garden City, NY (Christie R. Jacobson of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from a judgment of the Supreme Court, Nassau County (Erica L. Prager, J.), entered September 23, 2022. The judgment denied that branch of the petition which was to compel the production of records sought in the petitioner's Freedom of Information Law request dated May 6, 2021, denied, as academic, that branch of the petition which was to compel the production of records sought in the petitioner's Freedom of Information Law request dated September 24, 2021, and, in effect, dismissed the proceeding.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof denying, as academic, that branch of the petition which was to compel the production of records sought in the petitioner's Freedom of Information Law request dated September 24, 2021, and, in effect, dismissing that portion of the proceeding, and substituting therefor a provision granting that branch of the petition to the extent that the respondent is directed to produce the records sought in the petitioner's Freedom of Information Law request dated September 24, 2021, in an unredacted form for an in camera inspection by the Supreme Court, Nassau County, or an affirmation or affidavit indicating that no records exist; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of that branch of the petition which was to compel the production of records sought in the petitioner's Freedom of Information Law request dated September 24, 2021, based upon the in camera inspection or the affidavit or affirmation of the respondent in accordance herewith.
In 2021, the petitioner, Newsday, LLC (hereinafter Newsday), made two separate requests pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) to the respondent, Manhasset Free Union School District (hereinafter the District). The first request, dated May 6, 2021, concerned an investigation with respect to the then Superintendent, Vincent Butera (hereinafter the Butera request). By letter dated August 2, 2021, the request was granted in part and denied in part. On August 19, 2021, the District, in accordance with its representation that it would grant one of the requests in the Butera request, provided the requested documents with appropriate redactions. On September 14, 2021, Newsday filed an administrative appeal with respect to the Butera request, seeking to challenge certain exemptions under FOIL asserted by the District [*2]in its August 2, 2021 letter. By letter dated October 1, 2021, the District denied Newsday's appeal with respect to the Butera request on the ground, inter alia, that it was untimely, as the appeal was required to have been made by September 2, 2021, 30 days after the August 2, 2021 letter.
The second FOIL request concerned an alleged cyberattack on the District's computer system (hereinafter the cyberattack request). Newsday submitted the cyberattack request on September 24, 2021, seeking records related to a cyberattack on the District's computer system that allegedly had occurred earlier that month. On October 27, 2021, the District denied the cyberattack request in its entirety. Newsday timely administratively appealed the denial of the cyberattack request. The District denied the administrative appeal based upon its initial reasoning for the denial of the cyberattack request. However, on January 18, 2022, the District produced a "NYS Education Department Data Incident Reporting Form" (hereinafter the incident reporting form) in connection with the cyberattack request.
On January 27, 2022, Newsday commenced this proceeding pursuant to CPLR article 78 to compel the production of records sought in the Butera and cyberattack requests that had been denied in the District's letters dated August 2, 2021, and October 27, 2021, respectively. By judgment entered September 23, 2022, the Supreme Court denied that branch of the petition which was to compel the production of records sought in the Butera request, denied, as academic, that branch of the petition which was to compel the production of records sought in the cyberattack request, and, in effect, dismissed the proceeding. As to the Butera request, the court concluded that Newsday's administrative appeal with respect thereto was untimely. As to the cyberattack request, the court concluded that that branch of the petition which was to compel the production of records sought in the cyberattack request had been rendered academic by the District's production of the incident reporting form. Newsday appeals.
"To promote open government and public accountability, . . . FOIL imposes a broad duty on government to make its records available to the public" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 274; see Public Officers Law § 84). Unless otherwise specifically exempted, all such records are presumptively open to public inspection and copying (see Public Officers Law § 87[2]; Matter of Gould v New York City Police Dept., 89 NY2d at 274-275; Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566). Exemptions to disclosure under FOIL are to be "narrowly interpreted" (Matter of Friedman v Rice, 30 NY3d 461, 475 [internal quotation marks omitted]). "'The agency does not have carte blanche to withhold any information it pleases,' and it must 'articulate particularized and specific justification' for the nondisclosure at issue" (Matter of Livson v Town of Greenburgh, 141 AD3d 658, 660 [alterations omitted], quoting Matter of Fink v Lefkowitz, 47 NY2d 567, 571). "Conclusory assertions that certain records fall within a statutory exemption are not sufficient; evidentiary support is needed" (Matter of Dilworth v Westchester County Dept. of Correction, 93 AD3d 722, 724). "'The agency seeking to prevent disclosure carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption'" (Matter of Aron Law, PLLC v New York City Fire Dept., 191 AD3d 664, 665 [alterations omitted], quoting Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d at 566; see Public Officers Law § 89[4][b]).
Here, the Supreme Court properly denied that branch of the petition which was to compel the production of records sought in the Butera request that had been denied by the District. Public Officers Law § 89(4)(a) provides, in pertinent part, that "any person denied access to a record may within thirty days appeal in writing such denial to the head, chief executive or governing body of the entity." "[A]ny administrative appeal of a denial, as required for exhausting administrative remedies, [must] be undertaken within 30 days of the denial" (Matter of Madden v Village of Tuxedo Park, 192 AD3d 802, 805). Failure to exhaust administrative remedies precludes relief under CPLR article 78 (see Matter of Bradhurst Site Constr. Corp. v Zoning Bd. of Appeals, Town of Mount Pleasant, 128 AD3d 817, 818). The District denied access to certain records sought in the Butera request by letter dated August 2, 2021. Newsday's administrative appeal, filed on September 14, 2021, was, thus, untimely, and Newsday cannot seek to compel the production of records sought in the Butera request that had been denied by the District in this proceeding.
However, the Supreme Court improperly denied, as academic, that branch of the petition which was to compel the production of records sought in the cyberattack request that had been denied by the District. The court determined that the branch of the petition which was to compel the production of records sought in the cyberattack request had been rendered academic, because the District had produced the incident reporting form. However, the cyberattack request was broader than the court credited. The cyberattack request sought documents in multiple categories, including, inter alia, any communications with the New York State Department of Education or teaching staff concerning the alleged cyberattack. Moreover, the record is devoid of any representation by the District that no other document sought in the cyberattack request existed. Therefore, the court should not have denied, as academic, that branch of the petition which was to compel the production of records sought in the cyberattack request that had been denied by the District based upon the District's production of the incident reporting form.
The Supreme Court should have granted that branch of the petition which was to compel the production of records sought in the cyberattack request that had been denied by the District to the extent of directing the District to produce any records sought in the cyberattack request in an unredacted form for an in camera inspection by the court to determine whether the records fall within any of the asserted FOIL exemptions (see Matter of Lepper v Village of Babylon, 190 AD3d 738, 743; Matter of Mazza v Village of Croton-on-Hudson, 140 AD3d 878, 880; Matter of Newsday, LLC v Nassau County Police Dept., 136 AD3d 828, 829-830) or an affirmation or affidavit indicating that no records exist. Following the completion of any in camera inspection, the court should direct disclosure of those documents or parts thereof which do not "fall entirely within the scope of [an] asserted exemption," with appropriate redactions (Matter of Gould v New York City Police Dept., 89 NY2d at 275; see Matter of McFadden v McDonald, 204 AD3d 672, 674). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a new determination of that branch of the petition which was to compel the production of records sought in the cyberattack request in accordance herewith.
DILLON, J.P., GENOVESI, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court