Matter of 195 N. Vil. Ave., LLC v 195 Apts., Inc. (2024 NY Slip Op 06037)

Matter of 195 N. Vil. Ave., LLC v 195 Apts., Inc.

2024 NY Slip Op 06037

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2023-03312
 (Index No. 602122/22)

[*1]In the Matter of 195 North Village Avenue, LLC, appellant, 
v
195 Apts., Inc., respondent.

McLaughlin & Stern, LLP, Garden City, NY (Christian Browne of counsel), for appellant.
Schneider Buchel LLP, Woodbury, NY (Andreas E. Theodosiou of counsel), for respondent.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of 195 Apts., Inc., dated December 20, 2021, denying the petitioner/plaintiff's application to convert a unit in a building owned by a cooperative corporation from professional space to residential space, and action, inter alia, to recover damages for breach of a lease, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Rhonda E. Fischer, J.), entered March 20, 2023. The order and judgment, insofar as appealed from, in effect, denied the petition/complaint and dismissed the proceeding/action.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, with costs, the petition/complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
The respondent/defendant, 195 Apts., Inc. (hereinafter the co-op), is a cooperative corporation that owns a building complex located in Rockville Centre, which contains 77 residential apartments and 2 subterranean "professional units" with their own separate street entrances. In 2005, the petitioner/plaintiff, 195 North Village Avenue, LLC (hereinafter North Village), purchased shares allocated to one of the professional units (hereinafter the unit) and entered into a proprietary lease with the co-op. The proprietary lease provides that North Village, as the proprietary lessee of a professional unit, may apply "at any time for a revised Certificate of Occupancy permitting utilization of the [unit] for dwelling purposes" rather than professional purposes and that the co-op will "not unreasonably withhold its consent to any physical alterations of the [unit] required to obtain the amended Certificate of Occupancy."
The principal of North Village, Suanne Kowal-Connelly, operated a pediatric office in the unit for approximately nine years. Thereafter, North Village attempted to sell the unit as a professional office space. In 2018, North Village applied to the co-op's board (hereinafter the board) to convert the unit into a residential unit pursuant to the terms of the proprietary lease. After North Village submitted architectural plans, the board denied the proposed conversion in a letter dated December 20, 2021 (hereinafter the denial letter). The denial letter indicated that the board was not required to provide a reason for its denial and that there may be certain reasons for its denial that it [*2]would not divulge. The denial letter further stated that the proposed conversion would increase the risk and liability of the co-op in the areas of "proprietary lease governance and maintenance obligations, property insurance, budget." North Village thereafter requested that the board reconsider its decision, but the board denied the request.
North Village commenced this hybrid proceeding pursuant to CPLR article 78 to review the co-op's determination in the denial letter and action, among other things, to recover damages for breach of the proprietary lease. The co-op moved, inter alia, pursuant to CPLR 3211(a) to dismiss the petition/complaint. In support of its motion, the co-op submitted an email from Kowal-Connelly, North Village's architectural plans, and an affidavit from the president of the board. By order and judgment entered March 20, 2023, the Supreme Court denied the co-op's motion, determining, among other things, that the documentary evidence does not "utterly refute [North Village's] claim," and North Village "makes out a cause of action that [the co-op] violated . . . the proprietary lease by unreasonably withholding its consent to convert unit." However, the court nonetheless proceeded to consider the merits of the petition/complaint and, in effect, denied the petition/complaint and dismissed the proceeding/action. North Village appeals.
As an initial matter, the Supreme Court properly concluded that the business judgment rule does not apply here. Generally, "the business judgment rule is the proper standard of judicial review when evaluating decisions made by residential cooperative corporations" (40 W. 67th St. v Pullman, 100 NY2d 147, 149-150, citing Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 530). However, where, as here, "a proprietary lease provides that a [co-op] board's actions in giving consent to alterations to the 'unit or building' are to be reviewed under a reasonableness standard, the board's actions are not protected by the business judgment rule" (Perrault v Village Dunes Apt. Corp., 164 AD3d at 848; see Goldhirsch v St. George Tower & Grill Owners Corp., 142 AD3d 1044, 1046; Silver v Murray House Owners Corp., 126 AD3d 655, 655).
However, the Supreme Court erred by considering the merits of the petition/complaint and, in effect, denying the petition/complaint and dismissing the proceeding/action, after it denied the co-op's motion, inter alia, pursuant to CPLR 3211(a) to dismiss the petition/complaint. In a CPLR article 78 proceeding, if a motion to dismiss the petition is denied, "the court shall permit the respondent to answer" (id. § 7804[f]; see Matter of Irfan v Vullo, 168 AD3d 733, 734; see also Matter Universal Metal & Ore, Inc. v Westchester County Solid Waste Commn., 145 AD3d 46, 59). Here, the court should not have decided the merits of the petition seeking relief under CPLR article 78, as the co-op had not yet filed an answer (see Matter of Irfan v Vullo, 168 AD3d at 734), and it cannot be said, on this record, "that the facts are so fully presented in the parties' papers that it is clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer" (Matter of Curlin v Clove Lane Homeowners Assn., Inc., 153 AD3d 922, 926; see Matter of Kickertz v New York Univ., 25 NY3d 942, 944).
Moreover, under all the circumstances, including that issue had not been joined and that branch of the co-op's motion which pursuant to CPLR 3211(a) to dismiss the petition/complaint was not converted into a motion for summary judgment, there was no basis for the Supreme Court, in effect, to dismiss the proceeding/action after concluding that the co-op was not entitled to dismissal of the petition/complaint pursuant CPLR 3211(a) (see generally Nonnon v City of New York, 9 NY3d 825, 827; cf. One Monroe, LLC v City of New York, 89 AD3d 812, 813).
Further, it has "long been the rule that judicial review of an administrative determination is limited to the grounds presented by the agency at the time of its determination" (Matter of Scanlan v Buffalo Pub. School Sys., 90 NY2d 662, 678; see Matter of McFadden v McDonald, 204 AD3d 672, 674; Matter of Stone Landing Corp. v Board of Appeals of Vil. of Amityville, 5 AD3d 496, 498). A reviewing court is "powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis" (Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758 [internal quotation marks omitted]; see Matter of McFadden v McDonald, 204 AD3d at 675). Here, when the Supreme Court, in effect, affirmed the board's denial of the application, the court improperly "surmise[d] or [*3]speculate[d] as to how or why" the board reached its determination and improperly relied on grounds not mentioned in the denial letter (Matter of Montauk Improvement, Inc. v Proccacino, 41 NY2d 913, 914; see Matter of McFadden v McDonald, 204 AD3d at 675).
Accordingly, the matter must be remitted to the Supreme Court, Nassau County, to permit the co-op to serve an answer.
The parties' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court