Nechadim Corp. v 500 Putnam St. Realty, LLC (2025 NY Slip Op 02212)

Nechadim Corp. v 500 Putnam St. Realty, LLC

2025 NY Slip Op 02212

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-04245
 (Index No. 522430/21)

[*1]Nechadim Corp., appellant, 
v
500 Putnam Street Realty, LLC, et al., defendants, BankUnited, N.A., respondent.

Joseph J. Haspel, Middletown, NY, for appellant.
Dorf Nelson & Zauderer LLP, Rye, NY (Jonathan B. Nelson of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 13, 2022. The order granted the motion of the defendant BankUnited, N.A., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In 2008, the defendant 500 Putnam, LLC, and a co-obligor executed a mortgage in favor of the plaintiff on real property owned by 500 Putnam, LLC (hereinafter the subject property), and other real properties owned by the co-obligor. By its terms, the mortgage loan became due and payable on February 8, 2009. A substantial payment was made on the mortgage on June 29, 2012, derived from the sale of the co-obligor's properties, by virtue of a stipulation entered into between the plaintiff and the co-obligor in the co-obligor's bankruptcy proceeding. Subsequently, on July 6, 2012, the subject property was sold to the defendant 500 Putnam Street Realty, LLC, which executed a mortgage on the subject property that was thereafter assigned to the defendant BankUnited, N.A. (hereinafter BankUnited). At the time of the July 2012 sale, certain funds were placed in escrow with Sutton Land Title Agency (hereinafter Sutton), as there was a disagreement regarding whether the mortgage on the subject property had been satisfied in 2012.
In 2014, 500 Putnam, LLC, commenced an action against the plaintiff for a judgment declaring that it was entitled to the escrow funds because the mortgage on the subject property had been satisfied (see 500 Putnam, LLC v Nechadim Corp., 150 AD3d 796). After a hearing, in an order dated October 23, 2017 (hereinafter the October 2017 order), a referee directed Sutton to pay most of the escrow funds to the plaintiff, but this did not occur and the funds remained in escrow.
On September 1, 2021, the plaintiff commenced this action to foreclose the mortgage. BankUnited moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it on the ground, among others, that the action was time-barred. By order dated May 13, 2022, the Supreme Court granted the motion on that ground. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that [*2]the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (RTT Holdings, LLC v Nacht, 206 AD3d 834, 835). "If such prima facie showing is made, the burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable" (id.). An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]).
Here, BankUnited met its prima facie burden of establishing that this action was time-barred by demonstrating that the note matured and became due in 2009, more than six years prior to the commencement of this action (see Comito v Z & N Enters. Corp., 230 AD3d 469, 471; RTT Holdings, LLC v Nacht, 206 AD3d at 835). Moreover, this action was commenced more than six years after the subject property was sold, an event which accelerated the mortgage pursuant to its terms.
In opposition, the plaintiff failed to raise a question of fact. The plaintiff contends that the October 2017 order constituted a money judgment and that the applicable statute of limitations is 20 years pursuant to CPLR 211(b). This contention is without merit, as this is an action pursuant to RPAPL article 13 to foreclose a mortgage, not a proceeding pursuant to CPLR article 52 for enforcement of a money judgment. Therefore, the applicable statute of limitations is six years (see id. § 213[4]; Comito v Z & N Enters. Corp., 230 AD3d at 471).
BankUnited's remaining contention regarding matters dehors the record is not properly before this Court (see Matter of Lepper v Village of Babylon, 190 AD3d 738).
Accordingly, the Supreme Court properly granted BankUnited's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
IANNACCI, J.P., WOOTEN, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court