Matter of McDevitt v Suffolk County (2025 NY Slip Op 02207)

Matter of McDevitt v Suffolk County

2025 NY Slip Op 02207

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-05595
 (Index No. 601626/22)

[*1]In the Matter of Michael McDevitt, respondent,
v
Suffolk County, et al., appellants.

Christopher J. Clayton, County Attorney, Hauppauge, NY (Leland S. Solon of counsel), for appellants.
Cory H. Morris, Central Islip, NY (Victor John Yannacone, Jr., of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the appeal is from an order and judgment (one paper) of the Supreme Court, Suffolk County (Maureen T. Liccione, J.), dated May 15, 2023. The order and judgment, insofar as appealed from, granted that branch of the petition which was to compel the production of certain law enforcement disciplinary records.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
In August 2020, the petitioner submitted a request to the Suffolk County Police Department (hereinafter the SCPD) pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) for the production of the disciplinary records of certain law enforcement officers, among other documents. The SCPD disclosed certain material but withheld all documents involving law enforcement disciplinary records in which the allegations of misconduct were classified as "unsubstantiated," "unfounded," or "exonerated" (hereinafter the subject disciplinary records). The petitioner filed an administrative appeal. The County of Suffolk denied the appeal on the ground that disclosure of the subject disciplinary records would result in an unwarranted invasion of personal privacy under Public Officers Law § 87(2)(b).
The petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to compel the production of the subject disciplinary records against the SCPD, the County, and Suffolk County Records Access Officer, Jacqueline Caputi (hereinafter collectively the appellants). In an order and judgment dated May 15, 2023, the Supreme Court, among other things, granted that branch of the petition which was to compel the production of the subject disciplinary records. This appeal ensued.
"To promote open government and public accountability, . . . FOIL imposes a broad duty on government to make its records available to the public" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 274; see Public Officers Law § 84). FOIL provides that, unless otherwise specifically exempted, all records of a public agency are presumptively open to public [*2]inspection and copying (see Public Officers Law § 87[2]; Matter of Gould v New York City Police Dept., 89 NY2d at 274-275; Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566). The limited categories of records that may be withheld are enumerated in FOIL (see Public Officers Law § 87[2]). Consistent with the policy of broad public access, the exemptions are to be narrowly construed, and the burden rests on the agency to demonstrate that the requested material qualifies for exemption by articulating a particularized and specific justification for denying access (see id. § 89[4][b]; Matter of Friedman v Rice, 30 NY3d 461, 475; Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d at 566).
Public Officers Law § 87(2)(b) provides an exemption from disclosure of records or portions of those records that, if disclosed, would constitute an unwarranted invasion of personal privacy. Contrary to the appellants' contention, the Supreme Court properly determined that the subject disciplinary records were not categorically exempt from disclosure (see Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d 85, 93-94). As the SCPD failed to articulate any particularized and specific justification for withholding the subject disciplinary records, it failed to meet its burden of establishing that the exemption applied to any of the material therein (see id. at 94; see also Matter of Newsday, LLC v Suffolk County Police Dept., 231 AD3d 728; Matter of Gannett Co., Inc. v Town of Greenburgh Police Dept., 229 AD3d 789, 792; Matter of New York Civ. Liberties Union v Village of Freeport, 229 AD3d 629, 631).
"Judicial review of an administrative determination is limited to the grounds invoked by the agency" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 74 [alteration and internal quotation marks omitted]; see Matter of McFadden v McDonald, 204 AD3d 672, 674). Thus, we do not consider the appellants' contention that the petitioner's administrative appeal was untimely, as it was not a basis for denying the administrative appeal (see Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 95; Matter of McFadden v McDonald, 204 AD3d at 675).
The appellants' remaining contention is without merit.
GENOVESI, J.P., BRATHWAITE NELSON, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court